623

Argued and submitted June 18, affirmed in part; reversed in part; sentence set aside; remanded for resentencing October 6, 1980

STATE OF OREGON,
*Respondent,*
*v.*
MARY A. SCOTT,
*Appellant.*

(No. J77-2663, CA 14793)

617 P2d 681

Dean Heiling, Roseburg, argued the cause for appellant. With him on the brief was Heiling & McIntosh, Roseburg.

Karen H. Green, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Defendant was found guilty of unlawfully obtaining public assistance and theft in the first degree. Judgment of conviction for theft was entered. A conviction for unlawfully obtaining public assistance was merged for purposes of sentencing. She now appeals, contending that her demurrer based upon the statute of limitations should have been sustained, that various exhibits were erroneously admitted into evidence, and that her motion for judgment of acquittal was erroneously denied.

■ The indictment had charged that defendant

"* * *between May, 1974 through November, 1974, A.D.,* * *did unlawfully and knowingly obtain and attempt to obtain public assistance in the form of aid to dependent children for the benefit of herself, to which assistance the said defendant was not entitled under Oregon law by means of false representations, to-wit: failure to report Social Security Benefits for Wilma Pierson and Wilburn Pierson on or about June 7, 1974, or October 21, 1974 to the Public Welfare Division* * *;

"And as part of the same act and transaction set out in Count I herein the said Mary A. Scott between May, 1974 through November, 1974,* * *did unlawfully and knowingly commit theft of money of the total value of more than Two Hundred Dollars, the property of the State of Oregon,

"* * * * *

"Dated at Roseburg, Douglas County, Oregon this 7th day of November, 1977."

The pertinent statute of limitations is ORS 131.125(2)(a):

"(2) Except as provided in subsection (3) of this section or as otherwise expressly provided by law, prosecutions for other offenses must be commenced within the following periods of limitations after their commission:

"(a) For any other felony, three years."

Defendant argues the false representations were made over three years before the date of the indictment, on June 7, 1974, or October 21, 1974, and that therefore

the November 7, 1977 indictment commenced prosecution after the three-year limitation had passed.

ORS 132.540(1)(c) states that "[an] indictment is sufficient if it can be understood therefrom that* * * the crime was committed * * *within the time limited by law for the commencement of an action therefor." The indictment alleges in each count criminal conduct committed "through" November, 1974, the obtaining of money in both counts. The portion of November, 1974 after November 7 was a period within the statute of limitations. The gravamen of each charge is the obtaining of money in November. This is sufficient to constitute timely charges. The demurrer was properly overruled.

■ We next turn to defendant's claim that the court erred by denying defendant's motion for acquittal. "In reviewing a trial court's denial of a motion to acquit, we must treat all conflicts in the evidence as having been resolved in favor of the state and give the state the benefit of all inferences that can properly be drawn from the proof submitted." *State v. Shipp,* 27 Or App 675, 557 P2d 244 (1976).

A conviction of first degree theft is predicated upon the unlawful taking of property or money in the amount of $200 or more in a single or aggregate transaction. ORS 164.055. The evidence shows payments totaling $100 were made to defendant's husband, Edward L. Scott, to her benefit during November, 1974, and only one payment of $50 after November 7, 1974. Thus, the only payment obtained within three years prior to the indictment was less than $200. The state may not reach back in time to criminal conduct occurring beyond the statute of limitations to construct a charge of first degree theft against defendant. *See State v. Gray,* 23 Or App 464, 543 P2d 316 (1975). The state did not prove that within three years of commencement of the prosecution defendant committed theft of $200 or more. Defendant's conviction for theft in the first degree therefore cannot stand.

■ Defendant cannot be found guilty of theft in the second degree either. Theft in the second degree is

a Class A misdemeanor. ORS 164.045(2). The time limitation for commencing prosecution for a Class A misdemeanor is two years. ORS 131.125(2)(b). Defendants' motion for judgment of acquittal should have been granted as to the theft charge.

■ With respect to the charge of unlawfully obtaining public assistance, applying the rule quoted from *State v. Shipp, supra,* we find the evidence to be sufficient to support a guilty verdict.

Defendant's final assignment of error pertains to the admission of a number of state and federal agency records.

Defendant first objected to the admission of two uncertified computer printout forms of the Public Welfare Division (predecessor of the Adult and Family Services Division of the Department of Human Resources), entitled "Authorization of Award" and dated June 1, 1974, and November 1, 1974, respectively. The forms list information about defendant's husband and three of her children and the amount of the public assistance grant authorized to be paid in the case. Defendant argues that these are transcripts of public writings stored in computers and as such must be certified before they may be admitted into evidence.

Pertinent portions of ORS 43.330, as to proof of official documents, provide:

"Other official documents may be proved as follows:

"(1) Acts of the executive or administrative departments of this state and of the United States by the records of the departments, certified by the department heads* * *.

"* * * * *

"(6) Documents of any other class in this state or the United States by the original or by a copy certified by the legal keeper."

ORS 43.350 provides:

"A certified copy of a public writing made by the officer having custody of the writing is primary evidence of the original writing."

ORS 43.470(2) sets out the procedure for certification of a transcript of a public writing stored in a computer:

> "Whenever a transcript of a public writing stored in machine language in a data processing device or computer is certified to be used as evidence, it shall be stated by the certifying officer that it is a correct transcript of specified data contained within the data processing device or computer."

The state contends that the documents were admitted, not under the official records exception to the hearsay rule, but under the Business Records Act, ORS 41.680-41.710. The state witness, supervisor for money payments for the aid to dependent children category of public assistance in the Roseburg office of the Adult and Family Services Division, testified that these computer printouts were copies of handwritten documents prepared in the Roseburg office and forwarded to the Salem office where they were entered into the computer. Under the business records act a computer printout need not be certified in order to be received into evidence.

■■ Where documents may potentially qualify for admission into evidence under any of a number of exceptions of the hearsay rule, it seems reasonable that the documents' qualification for admission under only one of the exception need be established. The record shows that foundation was laid for admission of these printouts as business records, and the trial court admitted them, apparently, as such, though the trial judge did not articulate his reason.

A "business" for purposes of the business records exception to the hearsay rule, "shall include every kind of business, profession, occupation, calling or operating of institutions, whether carried on for profit or not." ORS 41.680. This definition is sufficiently broad to include the Public Welfare Division of the Department of Human Resources, and records of this agency may therefore be admitted into evidence on the basis of being business records. They did not also have

to be qualified for admission as public writings. Many records are both official records and business records. Such is the case here.

■ Defendant also assigned as error admission of certain documents kept by the Social Security Administration. One is a photographic print of a portion of a microfiche record kept in the Social Security Administration computer facility in Baltimore. The photographic print reproduced records pertaining to the entitlement of defendant's husband to Social Security benefits. The other exhibit is a computer printout, retrieved by teletype from the Baltimore facility by the Roseburg office.

Defendant had first objected to the admission of these records as public writings because they lacked seals of authentication required of records kept by the United States executive department. The trial court ruled it was admitting these documents under the business records exception, whereupon defendant objected "on the grounds that there is insufficient foundation as to computer storage under the business records statute as affects computer operation* * *[or] testimony that the computer is under the control of the witness."

Defendant's argument that, lacking seals, these public documents may not be admitted into evidence is answered by our discussion of the Public Welfare Division documents. Even though documents may be potentially admissible under the public writings exception to the hearsay rule, if the same documents are admitted by virtue of their qualification as business records, they need only fulfill the requirements of the business records act.

■ The documents' admissibility under the business records act was also challenged, however. Defendant questioned the sufficiency of the foundation regarding the storage of the records and the qualification of the testifying witness because he does not control the computer at the Baltimore facility.

ORS 41.720 provides:

"Any photostatic, microphotographic or photographic reproduction of a writing, book entry or record made on film in the regular course of any business as a memorandum or record of an act, transaction, occurrence or event, whether made at or near the time of the act, transaction or event or made subsequently, prior to the time of destruction or removal of the original records, shall be admissible in evidence in place of the original. The reproduction shall, in so far as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and if it is the practice of that business to make and keep such reproductions to replace original memoranda, records or documents.

The foundation witness was the manager of the Roseburg Social Security office, which serves those persons listed in the documents in issue. He testified that he was familiar with the procedure of the Social Security Administration. He was familiar with the types of records being offered in evidence and explained that it was regular practice to refer to microfiche records containing information stored in Baltimore and also to retrieve other records from the Baltimore office by teletype. We think the documents' reliability was sufficiently established by the branch manager's testimony.

Defendant's assignment of error regarding the admission of two other exhibits concededly depends upon whether the computer printouts were properly received. Since we have decided that they were, we find against defendant as to these two.

Defendant's conviction of theft is reversed; her conviction of unlawfully obtaining public assistance is affirmed. Sentence set aside. Remanded for resentencing.