Argued and submitted July 25, affirmed August 29, reconsideration denied November 9, petition for review denied December 4, 1984 (298 Or 334)

McCOY et al,
*Petitioners,*

*v.*

MARION COUNTY et al,
*Respondents.*

(83-042; CA A30191)

686 P2d 1059

Jossi Davidson, Silverton, argued the cause and filed the brief for petitioners.

Michael Hansen, Marion County Legal Counsel, Salem, argued the cause for respondent Marion County. On the brief was Robert C. Cannon, Marion County Legal Counsel, Salem.

Michael Duane Brown, Salem, argued the cause for respondents KECH-TV, Greater Willamette Vision, Ltd., Willamette Subscription Television, LTD., and Roger Loe, Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners appeal the Land Use Board of Appeals (LUBA) dismissal of their appeal from respondent Marion County's issuance of permits to the other respondents for erection of a transmission tower and related facilities for KECH-TV. We affirm.

The permits were issued in June and July, 1981, and the 950-foot tower was erected in October of that year. The county processed the applications for the permits as involving a permitted use in the zone and, consequently, it did not follow quasi-judicial procedures in connection with its issuance of the permits. In April, 1982, one or more of petitioners in this proceeding brought an action in the circuit court seeking, *inter alia,* to require that the tower and other facilities be removed. The trial court dismissed that action in June, 1983, on the basis of its conclusion that the subject-matter was within LUBA's exclusive jurisdiction.[1] Petitioners filed their notice of intent to appeal the county's 1981 decision to LUBA on April 22, 1983. LUBA held that the appeal was untimely under Oregon Laws 1979, chapter 772, section 4(4), as amended by Oregon Laws 1981, chapter 748,[2] and it therefore dismissed the appeal.

Petitioners argue, in essence, that the county was required to follow quasi-judicial procedures, that its failure to do so deprived them of their constitutional rights and that the county's failure to follow the necessary procedures means that it has not yet made a "land use decision" to permit the placement of the tower and other facilities. The point at which petitioners direct their arguments is that LUBA should have ordered the county to follow the procedures that petitioners consider to be required. That point has no bearing on whether LUBA correctly dismissed petitioners' appeal as untimely. However, petitioners appear to make a second point—at least implicitly—that is relevant to the timeliness issue: because no valid land use decision has been made, the 30-day period for appeal under section 4(4) has not started to run.

---

[1] An appeal from the judgment of dismissal is now pending in this court.

[2] Section 4(4) was repealed by Oregon Laws 1983, chapter 827, section 59. It provided, as relevant, that "[a] notice of intent to appeal a land use decision shall be filed not later than 30 days after the date the decision sought to be reviewed becomes final."

■ That point does not succeed, for either of two reasons: first, if *no* final land use decision was made by the county, LUBA had no jurisdiction; second, if the defects petitioners ascribe to the county proceedings resulted in a land use decision that was erroneous (as opposed to void or nonexistent), petitioners' appeal was filed more than 30 days after the land use decision was made. We reject any suggestion in petitioners' arguments—intended or not—that the statutory limitation on the time for bringing an appeal is eliminated simply because the decision from which the appeal is brought was erroneous.[3]

Another point that appears to us to be implicit in petitioners' arguments is that, because the county did not conduct hearings, issue an order and findings or prepare a record, petitioners could not have been aware of the decision to permit the installation of the tower and facilities. LUBA stated:

"Conceivably, there may be cases where no notice of a decision is given to the public or petitioners, and petitioners might be excused from acting within 30 days of the time the decision is made. If such relief is legally possible, petitioners would still be obliged to act within 30 days of the date they learn of the issuance of the permits. There is no allegation of when petitioners learned of the issuance of the building permits, and there is no allegation as to when petitioners learned the existence of the tower. Since the parties seem to agree the tower is in plain view, petitioners had actual knowledge of its existence and might have attempted an appeal within 30 days of seeing the tower. Here, petitioners did nothing until more than a year after the tower was erected." (Footnote omitted.)

■ It is absolutely clear from petitioners' arguments, the record and matters subject to judicial notice that petitioners

---

[3] We need not decide now which of the alternative reasons discussed in this paragraph is germane to these facts. LUBA's order states:

"The Board is cited to nothing in Oregon law or in Marion County's land use plan or its ordinances which require the county to issue written findings of fact and conclusions of law to support a building permit. The record in this case shows the county to have proceeded as though the building and tower were a permitted use within the EFU zone. Whether or not the structures are indeed permitted uses might be the subject of an assignment of error in [a timely] appeal of the building permit to this Board. * * *"

were aware of the structures and of the county's involvement in permitting them *far more* than 30 days before their appeal to LUBA was filed. We need not consider here whether and under what circumstances the 30-day limitation of former section 4(4) can be tolled.[4]

Petitioners' remaining argument does not require comment.

Affirmed.

---

[4] Stated otherwise, we decline to use this KECH-22 situation to discuss what approach we might take to any future CATCH-22 situation that arises.