Argued and submitted September 27, reversed and remanded December 26, 1985

BELL et al,
*Appellants,*

*v.*

KLAMATH COUNTY et al,
*Respondents.*

BURKE et al,
*Appellants,*

*v.*

KLAMATH COUNTY et al,
*Respondents.*

(84-362CV; 84-363CV; CA A34911 (Control),
A34912 (Cases Consolidated))

711 P2d 209

G. Philip Arnold, Ashland, argued the cause and filed the briefs for appellants.

Robert Trotman, Klamath Falls, argued the cause for respondents. With him on the brief was Giacomini, Jones & Associates, Klamath Falls.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs[1] applied for a building permit to build on their Klamath County land. Defendant Huberd, Klamath County Planning Director, wrote to plaintiffs to inform them that "no building permits can be issued" for their property or several other lots indicated on an enclosed map. Plaintiffs sued Klamath County, Huberd and the Klamath County Building Inspector to recover damages caused by defendants' allegedly arbitrary and capricious refusal to issue a building permit and for declaratory and injunctive relief. Defendants moved to dismiss the case for want of subject matter jurisdiction, arguing that the denial of the building permit was a land use decision which LUBA has exclusive jurisdiction to review. ORS 197.825. The trial court dismissed the case, and plaintiffs appeal.

The issue in this case is whether Klamath County's denial of the building permit was a "land use decision." If it was, the trial court was correct in ruling that it lacked jurisdiction over the subject matter. ORS 197.015(10) defines "land use decision":

" 'Land use decision':

"(a)　Includes:

"(A)　A final decision or determination made by a local government or special district that concerns the adoption, amendment or application of:

"(i)　The goals;

"(ii)　A comprehensive plan provision;

"(iii)　A land use regulation; or

"(iv)　A new land use regulation; or

"(B)　A final decision or determination of a state agency other than the commission with respect to which the agency is required to apply the goals.

"(b)　Does not include a ministerial decision of a local government made under clear and objective standards contained in an acknowledged comprehensive plan or land use regulation and for which no right to a hearing is provided by

---

[1]Two cases with identical facts and legal claims are consolidated for this appeal. This opinion discusses only one of the cases, but the principles enunciated apply to both.

the local government under ORS 215.402 to 215.438 or 227.160 to 227.185."

ORS 197.015(11) defines "land use regulation," which is mentioned in ORS 197.015(10):

" 'Land use regulation' means any local government zoning ordinance, land division ordinance adopted under ORS 92.044 or 92.046 or similar general ordinance establishing standards for implementing a comprehensive plan. 'Land use regulation' does not include small tract zoning map amendments, conditional use permits, individual subdivision, partitioning or planned unit development approvals or denials, annexations, variances, building permits and similar administrative-type decisions."

Plaintiffs alleged in their complaint that their property is "located in a Forestry zone designated for use as residential by the zoning ordinance of Klamath County." They claimed that defendants arbitrarily denied their application for a permit and applied an "illegal" policy of "using [the county's] powers under ORS Chapter 215 [County Planning; Zoning; Housing Codes] to enforce the subdivision law of ORS Chapter 92."

In a memorandum attached to their motion to dismiss, defendants claimed that the decision to deny the building permit "was the result of an application of Oregon state land use goals; an application of the Klamath County Comprehensive Plan and Zoning Ordinance and Oregon State Subdivision law." Defendants did not support this motion with affidavits or any evidence. The trial court granted it.

■     ORS 197.015(11) presumes that issuing or denying a building permit is not a "land use regulation," but it can be a "land use decision" if it involves the application of the goals, a comprehensive plan, a zoning ordinance or other ordinance implementing a comprehensive plan. ORS 197.015(10)(a) *See Wright v. KECH-TV,* 300 Or 139, 142, 707 P2d 1232 (1985); *McCoy v. Marion County* 69 Or App 522, 686 P2d 1059 *rev den* 298 Or 334 (1984).[2] On the other hand, the denial of a building permit is not a land use decision if it is "a ministerial decision

---

[2] When Marion County issued the permits challenged in *Wright v. KECH-TV, supra,* the legislature had not enacted the statutes which are now codified as ORS 197.015(10)(b) and (11). 300 Or at 144.

\* \* \* made under clear and objective standards contained in an acknowledged comprehensive plan or land use regulation and for which no right to a hearing is provided by the local government \* \* \*." ORS 197.015(10)(b). A county may deny a building permit for other reasons which do not involve a land use decision—for example, by the ministerial application of a building code or a subdivision requirement—or arbitrarily, as plaintiffs alleged. Considering ORS 197.015(11) together with ORS 197.015(10)(b), we think the legislature intended that a routine building permit decision not be considered a "land use decision" within LUBA's jurisdiction. The problem with the record in this case is that it does not contain sufficient facts from which we can determine whether plaintiffs' building permit was denied by a land use decision process.

■ Plaintiffs' complaint, on its face, does not allege facts from which a court could conclude that defendants made a land use decision in denying the permit. Plaintiffs alleged that their property was zoned for residential use and that defendants, pursuant to an unwritten policy, applied the subdivision law in denying their application. They did not allege that defendants applied a comprehensive plan or a zoning ordinance. On its face plaintiffs' claim that defendants denied their building permit by applying the subdivision law states a claim which is within the circuit court's jurisdiction.

Defendants' memorandum in support of the motion to dismiss argued that they made a land use decision by applying the goals, comprehensive plan, zoning ordinance and subdivision law. Only the application of the first three would necessarily involve a land use decision. In any event, defendants' memorandum has no evidentiary value, and their motion was not substantiated by affidavits or other evidence which either the trial court or we can consider to determine what criteria defendants applied in making their decision, assuming that such documentation would be proper on this motion to dismiss. ORCP 21A. The record does not contain any evidence from which we can conclude that defendants made a land use decision in denying plaintiffs' application for a building permit.

Reversed and remanded.