Argued and submitted July 14, affirmed August 6, 1986

## TOWER ACTION COMMITTEE,
*Appellant,*

*v.*

## WILLAMETTE SUBSCRIPTION TELEVISION, LTD. et al,
*Respondents.*

(135,110; CA A28732)

723 P2d 347

Lawrence R. Derr, Portland, argued the cause for appellant. With him on the briefs was Weiss, Derr & DesCamp, Portland.

Michael Duane Brown, Salem, argued the cause for respondent Willamette Subscription Television, Ltd. With him on the brief was Churchill, Leonard, Brown & Donaldson, Salem.

Janet S. McCoy, Marion County Assistant Legal Counsel, Salem, argued the cause for respondent Marion County. With her on the brief was Robert C. Cannon, Marion County Legal Counsel, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

The facts and procedural history of this case are adequately set out in *Wright v. KECH-TV,* 300 Or 139, 707 P2d 1232 (1985), *cert den* ___ US ___ 106 S Ct 1974, ___ L Ed 2d ___ (1986), and *McCoy v. Marion County,* 69 Or App 522, 686 P2d 1059, *rev den* 298 Or 334 (1984), and need not be repeated here. This appeal is from the dismissal of this injunction action on the ground that exclusive jurisdiction lies in LUBA. At oral argument plaintiff agreed that, after *Wright v. KECH-TV, supra,* the only viable issue on appeal is whether, as plaintiff alleged in the first count of its amended complaint, the building permit was improperly issued to Willamette to construct its TV tower because the lease to it for construction purposes was a major partition for which the required county approval was not sought or obtained.

There was no partition sought pursuant to the procedures outlined in the county ordinances; the only decision made by the county was to grant a building permit. Because the partition, if there was one, which we do not decide, resulted from the issuance of the building permit, plaintiff's current claim states only an additional reason why the building permit should not have issued and could be raised only before LUBA. *Wright v. KECH-TV, supra,* 300 Or at 142. The trial court was correct in determining that it lacked subject matter jurisdiction.

Affirmed.