Argued and submitted September 7, affirmed October 24, 1990

John SCHOONOVER,
*Petitioner,*

*v.*

LAND CONSERVATION AND
DEVELOPMENT COMMISSION,
*Respondent.*

(89-EO-491; CA A62037)

799 P2d 679

G. Philip Arnold, Ashland, argued the cause for petitioner. With him on the brief was Drescher & Arnold, Ashland.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Petitioner seeks review of LCDC's enforcement order, which prohibits Klamath County from approving building permits or mobile home permits for nonforest dwellings on petitioner's property, unless the county satisfies six justifying criteria that are set out in the order. ORS 197.320.[1]

The property is an 80-acre tract in a forest zone. In November, 1988, the county approved conditional use permits for 16 nonforest dwellings on the property. The Department of Land Conservation and Development (DLCD) was not given notice of the decisions allowing the permits until after they became final. When DLCD learned about the granting of the permits, its director requested that the county reconsider the decisions. The county counsel responded that, under the county zoning ordinance, the time for appeal had passed and the governing body had no authority to reconsider the permits. DLCD then initiated this enforcement proceeding. LCDC found that the county had "engaged in a pattern or practice of decision making that violates [its] acknowledged comprehensive plan or land use regulation," *former* ORS 197.320(1)(f), and issued the order that petitioner challenges.

■       Petitioner contends in his first assignment that, notwithstanding the county's failure to conduct the reconsideration that DLCD requested, DLCD *could* have appealed to the county governing body and then to LUBA, that it did not do so and that the county's approval of the conditional use permits is, therefore, *res judicata* as to these parties. LCDC offers several answers to the *res judicata* argument, all of which may be correct and only one of which needs to be to defeat the *res*

---

[1] ORS 197.320 was amended by Oregon Laws 1989, chapter 761, section 2, effective October 3, 1989, after the enforcement order here was issued. The differences between the present and earlier versions of the statute are relevant to only one of the issues that we discuss. Before the 1989 amendment, ORS 197.320(1) provided, as material:

"The commission shall issue an order requiring a local government, state agency or special district to take action necessary to bring its comprehensive plan, land use regulation or other land use decisions into compliance with the goals if the commission has good cause to believe:

"* * * * *

"(f) A local government has engaged in a pattern or practice of decision making that violates an acknowledged comprehensive plan or land use regulation."

*judicata* argument. It contends that the building and mobile home permits, with which the enforcement order is concerned, are not the same things as the conditional use permits that were allowed in the county proceedings to which petitioner attributes the preclusive effect and that the allowance or disallowance of building permits was not and could not have been decided in any appeal to the governing body or LUBA from the county's issuance of the conditional use permits. Petitioner counters that, although the enforcement order was "addressed to building permits, in reality, [it] attempts to undo the conditional use permits which are final and in place." Petitioner asserts further that the "issuance of the conditional use permits has already shown that the standards" that the enforcement order requires the county to satisfy "have been met."

■ Petitioner's point appears to be that the permissibility of the building or mobile home permits is necessarily predetermined by the granting of the conditional use permits. However, petitioner points to nothing in the record or the county's legislation to show that that is so. It is not correct, as a matter of law, that *all* decisions on building permit applications are ministerial or follow automatically from the permissibility of the underlying use. *See Doughton v. Douglas County,* 82 Or App 444, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987); *Bell v. Klamath Co.,* 77 Or App 131, 711 P2d 209 (1985). Petitioner does not demonstrate an identity or even an overlap of issues between the county conditional use permit proceedings and the LCDC enforcement proceeding, and his *res judicata* argument cannot succeed as such.

■ Petitioner does not argue that, *res judicata* aside, the real issue here is whether DLCD was required to exhaust county remedies or whether any available appeal within the county or to LUBA was an exclusive remedy. Nevertheless, because that may be a jurisdictional question, we address it and reject it. Although the director of DLCD has authority to participate in and seek LUBA review of local land use decisions, he is not required to do so. ORS 197.090(2). Conversely, under ORS 197.320, LCDC *shall* require corrective action, if it "has good cause to believe" that certain conditions exist. The conditions for the exercise of the two statutory powers differ. ORS 197.320 applies when there is a generalized failure by a planning jurisdiction to comply with various requirements of

the land use laws, over and above any errors in a particular land use decision. Nevertheless, ORS 197.320 allows LCDC to require that particular land use decisions be brought into compliance when the conditions for issuing enforcement orders exist. The authority of the agencies under the two statutory procedures is clearly cumulative, and nothing in the statutes suggests that the agencies must make an election of remedies. Whether petitioner's first assignment is cast in terms of the *res judicata* argument that he does make or the exclusive remedy argument that he does not, it is not well taken.

■        Petitioner asserts in his second assignment of error that there was not substantial evidence to support LCDC's finding that there was "good cause to believe" that the county had engaged in a "pattern or practice of decision making" that violated its plan or land use regulations. As part of his argument, petitioner also contends that some of the evidence on which the finding was based lacked probative value and was inadmissible. The evidence took the form, *inter alia,* of LUBA decisions that remanded various county actions that converted forestry land, including petitioner's, to residential or other nonforest uses; LCDC and DLCD orders in acknowledgement and enforcement proceedings, identifying the same or similar problems; and evidence of the numerous nonforest dwellings that the county had authorized in forest zones over the period from 1984 to the time of the enforcement proceeding. Petitioner contends that the evidence did not show that any of the county's actions were wrong, but only that some of its decisions were not affirmable in the posture in which they were reviewed. Petitioner asserts, in particular, that the LUBA decisions were based on inadequate findings by the county, which were arguably curable on remand.[2]

Petitioner relies on the language in the current ORS 197.320(6) that the 1989 Act, *see* n 1, *supra,* added to the section (which it recodified from ORS 197.320(1)(f)):

"In making its determination under this subsection, [LCDC] shall determine whether there is evidence in the record to support the decisions made. [LCDC] shall not judge the issue solely upon adequacy of the findings in support of the decisions[.]"

_____

[2] Petitioner points to no actual curative efforts that were attempted or that succeeded on remand.

The quoted language was not part of the statute at the relevant time. Moreover, even in its current form, the statute says only that LCDC shall not judge the issue *solely* on the inadequacy of a local government's findings. It does not say that the fact that a LUBA remand was based on inadequate findings means that more fundamental defects were not also present and may not be considered by LCDC in the context of an enforcement proceeding. The cumulative effect of the evidence was to the overwhelming effect that, over a period of almost 10 years, the county has provided at least good cause to believe that it has engaged in a pattern of converting resource land to residential and other nonresource uses, in violation of its plan and the land use laws.

Petitioner also argues that LCDC shifted the burden of proof on that factual question to him. That is not correct. It simply noted that he offered no evidence to refute the agency's showing. He also maintains that the specific evidence failed to satisfy the relevancy standard of OEC 401. LCDC answers, correctly, that ORS 183.450(1), not OEC 401, contains the applicable standard for admissibility. However, under either test, the agency's evidence was admissible, uncontroverted and substantial. We reject petitioner's second assignment, and his third does not merit discussion.

Affirmed.