Argued and submitted March 22, affirmed May 15, 1991

## STATE OF OREGON,
*Appellant,*

*v.*

## LORIN M. RICKER,
*Respondent.*

(90-02-1368, 90-02-1369, 90-02-1370;
CA A65325 (Control), A65326, A65327)
(Cases Consolidated)

810 P2d 1356

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

George W. Kelley, Eugene, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Joseph, Chief Judge, and Riggs, Judge.

PER CURIAM

## PER CURIAM

Defendant was charged with two counts of theft I, ORS 164.055, and one count of theft II. ORS 164.045. The three-year Statute of Limitations of ORS 131.125(5) had run. Nevertheless, the state argued that the limitation period was subject to ORS 131.125(6)(a), because the indictment alleged that defendant had breached a fiduciary duty that he owed the victims. Defendant filed a demurrer to the indictment, which the trial court sustained. The state appeals and we affirm.

ORS 131.125(6)(a) provides, in part:

"If the offense has as *a material element either fraud or the breach of a fiduciary obligation,* prosecution may be commenced within one year after discovery of the offense by an aggrieved party * * * and who is not a party to the offense * * *." (Emphasis supplied.)

In *State v. Mills,* 77 Or App 125, 711 P2d 209 (1985), we interpreted the "material elements" of a crime to be those elements that must be proved to obtain a valid conviction. 77 Or App at 129. Although the indictment alleges that defendant breached a fiduciary obligation to the victims, a fiduciary obligation is not a material element of the crime of theft, which can be proved without evidence of fraud or breach of a fiduciary duty. Therefore, ORS 131.125(6)(a) does not apply.

Affirmed.