Argued and submitted May 16, conviction on Count 1 reversed; remanded for
resentencing; otherwise affirmed August 7, petition for review denied
November 27, 2013 (354 Or 490)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BARBARA J. HUNTER,
*Defendant-Appellant.*

Klamath County Circuit Court
1001007CR; A149292

308 P3d 266

Ernest G. Lannet, Chief Deputy Defender, argued the
cause for appellant. With him on the brief was Peter Gartlan,
Chief Defender, Office of Public Defense Services.

Janet A. Klapstein, Senior Assistant Attorney General,
argued the cause for respondent. With her on the brief were
Ellen F. Rosenblum, Attorney General, and Anna M. Joyce,
Solicitor General.

Before Ortega, Presiding Judge, and Sercombe, Judge,
and Hadlock, Judge.

ORTEGA, P. J.

## ORTEGA, P. J.

Defendant appeals a judgment convicting her of six counts of first-degree aggravated theft. ORS 164.057. She assigns error to the trial court's denial of her pretrial demurrer and alternative motion to dismiss on two of those counts. In particular, defendant asserts that her motion should have been granted because the period of time alleged in Count 1 of the indictment was wholly outside the three-year statute of limitations for aggravated first-degree theft, and "[t]he period of time alleged in Count 2 * * * straddled the statute of limitations." *See* ORS 131.125(7).[1] As explained below, we agree with defendant with respect to Count 1 and, accordingly, reverse that conviction. As to Count 2, we affirm.

The pertinent facts are procedural and undisputed. On May 13, 2010, a grand jury indicted defendant on six counts of first-degree aggravated theft, alleged to have occurred during a series of six-month periods. Count 1 alleged that defendant, "on or between August 5, 2006 to January 31, 2007, in Klamath County, Oregon, did unlawfully and knowingly commit theft of Cash, of a total of $10,000 or more * * *." Count 2 alleged that, "on or between February 2, 2007 to July 28, 2007," defendant "unlawfully and unknowingly commit[ted] theft of Cash of a total value of $10,000 or more * * *." Defendant filed a pretrial demurrer or alternative motion to dismiss as to those counts, asserting that Count 1 and that portion of Count 2 alleged to have occurred before May 13, 2007, were outside the statute of limitations. As authority in support of her motion, defendant cited ORS 131.105 and ORS 131.125.[2]

---

[1] ORS 131.125 was amended and renumbered in 2012. *See* Or Laws 2012, ch 70, § 2. Because the pertinent provision has not been materially altered, we cite the current version.

[2] Under ORS 131.105, a "criminal action must be commenced within the period of limitation prescribed in ORS 131.125 to 131.155." ORS 131.125(7) provides that "[e]xcept as provided by subsection (8) of this section or as otherwise expressly provided by law" the limitation period applicable to this case is three years. Under ORS 131.125(8)(a), when

> "the offense has as a material element either fraud or the breach of a fiduciary obligation, prosecution may be commenced within one year after discovery of the offense by an aggrieved party or by a person who has a legal duty to represent the aggrieved party and who is not a party to the offense, but in no case

At the hearing on the motion, defendant asserted that the three-year statute of limitations was applicable and that "the State's allegation in Count 1 and Count 2 of Aggravated Theft in the First degree does not fall within [the exception set forth in ORS 131.125(8)] because the offense does not have a material element of either fraud or the breach of a fiduciary obligation." She urged that the state was limited to the face of the charging instrument and that the text of the indictment did not support an exception to the three-year statute of limitations. The state responded that it could "control the statute with [its] theory of the case" and that the "whole case [was] about" fraud. The court asked both parties for legal authority supporting their positions, but neither could provide supporting authority. The court denied defendant's motion and stated that it would "reconsider if testimony warrants."

Approximately one week after the motion hearing, defendant waived jury trial and the case was tried to the court on stipulated facts. The parties stipulated that defendant had knowingly misappropriated her employer's property by writing checks from the office account for personal expenses, making personal charges on the office credit card, giving herself raises and paying herself unauthorized overtime, taking cash, and paying herself excess medical reimbursements. The parties stipulated that, for each of the six time periods alleged in the indictment, defendant misappropriated in excess of $10,000. Based on the stipulated facts, the court found defendant guilty of the six charged counts of aggravated theft in the first degree.

As noted, plaintiff first asserts on appeal that, "[b]ecause Count 1 was time barred, the trial court should have allowed the demurrer" on that count. (Boldface omitted.) The state agrees that it "had a three-year period within which to commence prosecution for aggravated theft" in the first degree and that the prosecutor's reliance on the part of ORS 131.125, that "allows an extension of the statute for crimes that have as a material element either fraud or the breach of a fiduciary obligation[] did not support the extension of

shall the period of limitation otherwise applicable be extended by more than three years[.]"

the limitations period for a year beyond the discovery of the offense." (Internal quotation marks omitted.) Thus, because "count 1 alleged only acts that were facially beyond the limitations period"—that is, all the conduct alleged in count 1 occurred before May 13, 2007—"the state agrees that count 1 is subject to dismissal." (Boldface omitted.) We agree and accept the state's concession. *See State v. Ricker*, 107 Or App 245, 246, 810 P2d 1356 (1991) (extended limitations period does not apply to theft because it does not contain an element of fraud or beach of a fiduciary obligation). Accordingly, defendant's conviction on Count 1 must be reversed.

Defendant next asserts that the trial court "should have granted the demurrer and alternative motion to dismiss the time-barred portion of Count 2." (Boldface omitted.) That is, according to defendant, the "indictment [was] insufficient, and subject to demurrer pursuant to ORS 135.630" because the conduct set forth in Count 2 was alleged to have occurred "on or between February 2, 2007 to July 28, 2007," and so the court should have "responded to [her] demurrer and alternative motion to dismiss by limiting the allegations in Count 2 to the time period that fell within the statute of limitations." The state responds that "an indictment with dates that straddle a limitations period facially describes an offense that may have occurred within the requisite period" and, therefore, "it is neither subject to demurrer nor to dismissal." We agree with the state.

In support of her position, defendant relies on ORS 135.630(2). Pursuant to that statute,

> "[t]he defendant may demur to the accusatory instrument when it appears upon the face thereof:
>
> "* * * * *
>
> "(2)  If the accusatory instrument is an indictment, that it does not substantially conform to the requirements of ORS 132.510 to 132.560, 135.713, 135.715, 135.717 to 135.737, 135.740 and 135.743."

ORS 132.540(1)(c), in turn, provides that an indictment is sufficient if it can be understood from it that the "crime was committed at some time prior to the finding of the indictment and within the time limited by law for the commencement of

an action therefor." A court may sustain a demurrer only if the charging instrument is insufficient on its face. *See State v. Reed*, 116 Or App 58, 59, 840 P2d 723 (1992) (it is error for the court to sustain a demurrer on the basis of facts not alleged in the charging instrument).

In *State v. Scott*, 48 Or App 623, 617 P2d 681 (1980), we considered the issue that defendant raises in this case. In particular, in the context of a prosecution for "unlawfully obtaining public assistance and theft in the first degree," we considered the defendant's assertion on appeal that "her demurrer based upon the statute of limitations should have been sustained." *Id.* at 626. In that case, prosecution commenced on November 7, 1977, and, therefore, acts prior to November 7, 1974, were outside of the applicable three-year statute of limitations. However, the indictment charged that the defendant had committed the acts in question "between May, 1974 through November, 1974." *Id.* Because part of the time span alleged in the indictment occurred within the applicable limitations period, we concluded that the trial court properly overruled the demurrer:

> "ORS 132.540(1)(c) states that '(an) indictment is sufficient if it can be understood therefrom that *** the crime was committed *** within the time limited by law for the commencement of the action therefor.' The indictment alleges in each count criminal conduct committed 'through' November, 1974, the obtaining of money in both counts. The portion of November, 1974 after November 7 was a period within the statute of limitations."

*Id.* at 627 (omissions in *Scott*). Thus, we concluded, the allegations were "sufficient to constitute timely charges." *Id.*

In this case, the indictment alleged that defendant committed theft of cash "on or between February 2, 2007 to July 28, 2007." Like in *Scott*, the indictment alleged a period of time—that period after May 13, 2007—that occurred within the statute of limitations. Thus, also like in *Scott*, the indictment was sufficient; it can be understood from the face of the indictment that the crime was committed "within the time limited by law for the commencement of the action therefor." ORS 132.540(1)(c). Because the indictment was facially sufficient, the court properly denied the demurrer.

Similarly, because the indictment was sufficient on its face, the court was not required to grant defendant's motion to dismiss with respect to Count 2. Before the trial court, defendant did not discuss or analyze the "motion to dismiss" independently of the demurrer. Furthermore, on appeal, she has pointed us to no authority, and we are aware of none, that would *require* the trial court to dismiss (or partially dismiss) a count from an indictment under these circumstances. And, although the trial court *could* theoretically have amended the indictment to narrow the time period alleged for Count 2, *see State v. Wimber*, 315 Or 103, 115-16, 843 P2d 424 (1992), given the facial sufficiency of the indictment, the court did not commit error by choosing not to do so. Indeed, defendant's motion and argument before the court did not appear to request that relief.

Finally, we note that the way this case was tried limited the relief available to defendant with respect to Count 2. Although defendant may have been able to seek factual resolution regarding when the thefts making up Count 2 occurred and/or might have sought a motion for judgment of acquittal under appropriate circumstances, in this case, she did not do so. Instead, defendant proceeded by stipulated facts and did not attempt to raise any issue with regard to the timing of the thefts. In particular, she stipulated broadly that, during each of the charged time periods, she knowingly stole money from her employer and that, for each time period, the amount that she stole exceeded $10,000.

In sum, with respect to Count 2, under the circumstances, we conclude that the trial court did not err in denying defendant's demurrer and alternative motion to dismiss.

Conviction on Count 1 reversed; remanded for resentencing; otherwise affirmed.