Argued and submitted March 2, 1983, affirmed March 28, 1984

CORDILL et al,
*Appellants - Cross-respondents,*
*v.*
CITY OF ESTACADA et al,
*Respondents - Cross-appellants.*

(82-2-160; CA A24996)

678 P2d 1257

Emil R. Berg, Portland, argued the cause for appellants - cross-respondents. With him on the briefs was Wolf, Griffith, Bittner, Abbott & Roberts, Portland.

John W. Osburn, Portland, argued the cause and filed the brief for respondents - cross-appellants.

Before Joseph, Chief Judge, and Warden and Young, Judges.

WARDEN, J.

**WARDEN, J.** °

This is a proceeding in mandamus. Petitioners seek to compel respondents to revoke a building permit for, and require removal of, a car wash built in violation of zoning ordinances. They also seek to prevent respondents from changing any applicable zoning ordinances. Petitioners appeal from a judgment ordering the City and the City Council to conform the use of the property to the zoning ordinances, seeking a more specific mandate. Respondents cross-appeal, seeking dismissal of the proceeding. We affirm.

Petitioners reside in a home adjacent to property zoned C-2 commercial under the City of Estacada zoning ordinances. A car wash is not a permitted use in a C-2 zone. In approximately April, 1981, the City granted a building permit to construct a car wash on the property adjacent to petitioners' home. The car wash, which is open 24 hours a day, began operation about July 1, 1981. Subsequently, petitioners appeared before the City Council to express their concerns about it. The Council took the position that it could do nothing, because the building permit had already been issued and erection of the building completed.

In February, 1982, petitioners filed a petition for a writ of mandamus, alleging that respondents issued the building permit for construction of the car wash in violation of zoning ordinances and that its operation was causing them irreparable injury by damaging their health and reducing the value of their property. An alternative writ was issued. Respondents moved to dismiss the writ for failure to join the owners of the property as necessary parties. The motion was denied, and an evidentiary hearing was held. Petitioners presented evidence that the car wash was constructed in violation of city zoning restrictions. They testified that it was the source of objectionable noise and flashing lights and that they were experiencing health problems, which they attributed to its operation. Other neighborhood residents also testified to its adverse effects.

The trial court issued a "second amended" peremptory writ of mandamus concluding that the building permit was issued in violation of the City of Estacada zoning ordinance and ordering the City and the City Council "to take such action as is provided by law to conform the use of the [car

wash property] * * * to the restrictions and requirements of the zoning ordinances of the City of Estacada."

Petitioners raise two assignments of error. First, they contend that the trial court erred in failing to find that the car wash is a public health hazard and to conclude therefrom that it is a public nuisance. Second, they contend that the trial court should have specifically required the City and the City Council to revoke the building permit, initiate appropriate action to require removal of the structure and refrain from amending any applicable ordinances in a manner injurious to them.

In support of their contentions, petitioners rely largely on this court's decision in *Parks v. Tillamook Co. Comm./Spliid,* 11 Or App 177, 501 P2d 85 (1972), *rev den* (1973), where the County Commission had granted a developer permits to construct a group of houses in violation of county zoning ordinances. While the project was under construction, the owners of the adjoining lands sought a writ of mandamus; the alternative writ required the county commissioners to cancel the building permits for the houses, to declare them to be nuisances and to compel their removal or to show cause why they had not done so. The trial court sustained the developer-intervenor's demurrer on the ground that the writ failed to state a cause of action in mandamus. We held that the owners of the adjoining lands were entitled to an opportunity to prove the allegations of the alternative writ, but expressed no view as to the relief to be granted if they succeeded, and remanded the case for further proceedings. That holding is not pertinent here.

■ We first examine petitioners' contention that the trial court should have found the car wash a public health hazard and, therefore, a public nuisance. We hold that the trial court did not err in omitting that conclusion from the peremptory writ. The cases relating to nuisance that petitioners cite in their brief were actions in nuisance or trespass; they are not authority for the proposition that a determination of a public nuisance, based on evidence of a public health hazard, is appropriate in a mandamus proceeding, and nothing in *Parks* dictates that result. Even if there may be authority for that proposition, petitioners' evidence of a health hazard demonstrates at best only a private injury and

no public nuisance other than the ordinance violation itself. Section 10.530(2) of the Estacada Code[1] provides that a building constructed or maintained in violation of the zoning ordinance constitutes a nuisance. The trial court was required to find a nuisance from the mere fact of the use of the adjacent property in violation of the zoning ordinance, but that does not open the inquiry, as plaintiffs insist, to require the court to find the car wash to be a public health hazard and, for that reason, a public nuisance. We did not suggest in *Parks* that a court in a mandamus proceeding can also make a finding that a building which violates a statutorily authorized county zoning ordinance constitutes a public health hazard and is, for that reason, a public nuisance, and we do not find it to be appropriate here. The writ of mandamus is a limited remedy, available only where there is no "plain, speedy and adequate remedy in the ordinary course of the law." ORS 34.110. Petitioners could have litigated the public health hazard issue in an appropriate nuisance action; it was not properly before the court in this proceeding.

Petitioners also assign as error the trial court's formulation of the order directing the City and the City Council to act. The peremptory writ commands respondents to take such action as is provided by law to conform the use of the car wash property to the zoning ordinances. Petitioners contend that the order as formulated is so imprecise and ambiguous as to threaten the effectiveness of the relief to which they are entitled. They argue that the writ should require respondents to revoke the building permit and to initiate appropriate action to require removal of the structures. They further argue that respondents should be ordered to refrain from amending any zoning ordinances in a manner injurious to them.

---

[1] Section 10.530 of the Estacada Code provides:

"(1) Penalty for Violation. A person who violates this ordinance is guilty of a misdemeanor [and] upon conviction shall be fined not more than $500.00, or imprisoned in jail for not more than six months or both. Each day a violation exists is a separate offense and shall be punished as such.

"(2) Alternative remedy. In case a building or other structure is, or is proposed to be, located, constructed, maintained, repaired, altered, or used in violation of this ordinance, the building or land in violation shall constitute a nuisance, and the city may, as an alternative to other remedies that are legally available for enforcing this ordinance, institute injunction, mandamus, abatement, or other appropriate proceedings to prevent, enjoin temporarily or permanently, abate, or remove the unlawful location, construction, maintenance, repair, alteration, or use."

■　　　The critical inquiry is whether respondents should be ordered to initiate proceedings to remove the structure. If such an order is to issue, it must be founded on a legal duty of respondents to do so. We recognize that municipalities have a legal duty to enforce their ordinances, but it is the mode of enforcement that is at issue here. Section 10.530 of the Estacada Code gives the city discretion to enforce the zoning ordinance in alternative ways, including the imposition of criminal penalties or the institution of appropriate proceedings to prevent, enjoin, abate or remove an unlawful use of property. The peremptory writ requires respondent to enforce the zoning ordinances by taking such action as is provided by law to cause the use of the property to conform to the applicable ordinances. The specific action respondents are to take to enforce such conformity, however, need not be a part of the order, because determining which of the alternatives to require involves the exercise of judgment or discretion. Given the existence of alternatives, the writ of mandamus can only require that respondents exercise their discretion, not direct and control that discretion. *See Tripper et al v. Couch et al,* 110 Or 446, 458-60, 220 P 1012 (1924).

■■　　　Petitioners' final contention is that the writ should order the city to refrain from amending applicable zoning ordinances, apparently anticipating that the City will amend the ordinances to permit car washes in C-2 zoned areas. Amendment of ordinances establishing such general policies, however, is a legislative function. *See Fasano v. Washington Co. Comm.,* 264 Or 574, 580-81, 507 P2d 23 (1973). In view of the principle of separation of powers of the judicial and legislative departments, mandamus will not issue to control a city's exercise of that function. The trial court did not err in formulating its order. The judgment of the trial court is affirmed.

Respondents request consideration of their cross-appeal only in the event that the judgment of the trial court is not affirmed. Because we affirm the trial court, we do not consider respondents' cross-appeal.[2]

---

[2] Respondents assign as error the trial court's denial of their motion to dismiss the writ for failure to join the car wash property owners as necessary parties under ORCP 29. The property owners, however, submitted memoranda to, and appeared before, the

Affirmed.

trial court as *amicus curiae.* We note that in such a case the interest of the property owners is to be considered the same as if they were parties. *See Peterson v. Lewis,* 78 Or 641, 647, 154 P 101 (1916).