Argued and submitted October 14, affirmed November 12, 1987

# DOUGHTON,
*Respondent,*

*v.*

# DOUGLAS COUNTY,
*Petitioner.*

(LUBA 86-015; CA A45629)

744 P2d 1299

Paul G. Nolte, Douglas County Counsel, Roseburg, argued the cause and filed the brief for petitioner.

Robert L. Liberty, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Respondent Doughton appealed to LUBA from Douglas County's issuance of a building permit for the construction of a dwelling on an adjacent parcel in an exclusive farm use zone. In its initial consideration, LUBA concluded that the issuance of the permit was a "ministerial decision" and was therefore not a land use decision subject to its review. ORS 197.015(10)(b). Doughton sought judicial review. We disagreed with LUBA, and concluded, *inter alia,* that the test for permitting a primary dwelling in an EFU zone—whether it is one which is "customarily provided in conjunction with farm use," *see* ORS 215.283(1)(f)—cannot be resolved through the application of clear and objective standards and that its resolution is therefore not a ministerial decision within the meaning of ORS 197.015(10)(b). We accordingly held that LUBA had jurisdiction and remanded. *Doughton v. Douglas County,* 82 Or App 444, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987).

LUBA concluded on remand that the county's decision whether to issue the permit was a discretionary one under ORS 215.402(4) and that the county was therefore required to provide respondent with notice and a right to a hearing and was required to make appropriate findings of fact. *See* ORS 215.416.[1] The county had not fulfilled those requirements in its action on the permit, and LUBA remanded the matter to the county for further proceedings. The county petitions for review, and we affirm.

ORS 215.402(4) provides:

" 'Permit' means discretionary approval of a proposed development of land under ORS 215.010 to 215.438 or county legislation or regulation adopted pursuant thereto."

ORS 215.416 provides, as relevant:

"(1)  When required or authorized by the ordinances, rules and regulations of a county, an owner of land may apply in writing to such persons as the governing body designates,

---

[1] LUBA's opinion appears to premise those holdings on county ordinance and constitutional requirements in addition to or instead of ORS 215.416. We consider the statute rather than the ordinance to be the appropriate basis for decision, *see League of Women Voters v. Coos County,* 82 Or App 673, 729 P2d 588 (1986), and we consider it unnecessary to reach the constitutional issue.

for a permit, in the manner prescribed by the governing body.
* * *

"* * * * *

"(3)    Except as provided in subsection (9) of this section,
the hearings officer shall hold at least one public hearing on
the application.

"* * * * *

"(5)    Hearings under this section shall be held only after
notice to the applicant and also notice to other persons as
otherwise provided by law.

"* * * * *

"(9)    The hearings officer, or such other person as the
governing body designates, may approve or deny an applica-
tion for a permit without a hearing if the hearings officer or
other designated person gives notice of the decision and pro-
vides an opportunity for appeal of the decision to those per-
sons who would have had a right to notice if a hearing had
been scheduled or who are adversely affected or aggrieved by
the decision. Notice of the decision shall be given in the same
manner as notice of the hearing would have been given if a
hearing had been held. An appeal from a hearings officer's
decision shall be to the planning commission or governing
body of the county. An appeal from such other person as the
governing body designates shall be to the planning commis-
sioner or governing body of the county. An appeal from such
other person as the governing body designates shall be to a
hearings officer, the planning commission or the governing
body. In either case, the appeal shall be a de novo hearing."

The county does not dispute LUBA's conclusion that
its decision whether to permit the farm dwelling involves the
exercise of discretion. Indeed, that it is a discretionary deci-
sion was the essence of our holding in *Doughton v. Douglas
County, supra.* The county instead contends:

"Whether or not any * * * permitted uses involve discre-
tion is not determinative as to whether the statutory right to
notice and opportunity for hearing is required under ORS
215.416. Whether or not any of these uses fall under the stat-
utorily defined term of 'permit' (ORS 215.402(4)) is likewise
not determinative.

"The legislature has provided in ORS 215.416 a procedure
for hearing permits *only* when required or authorized by the
county.

"*\* \* \* \* \*

"This statute *does not* entitle petitioner to notice and a hearing *unless the county requires or authorizes an owner to apply for a permit.* There is no county ordinance, rule or regulation which requires or authorizes an owner to apply for a land use permit to construct a dwelling on agricultural land.

"The ordinance involved in this matter allows as an outright permitted use a dwelling 'customarily provided in conjunction with farm use.' \* \* \* Permitted uses are permitted without the necessity for applying for them, they are permitted outright by definition." (Emphasis the county's.)

We disagree with the county. Its argument posits that ORS 215.416(1) allows it to circumvent the need for discretionary action in connection with a use which cannot be allowed without the exercise of discretion by not requiring an application for a permit to conduct the use. As we have done repeatedly before, we reject the premise that counties have the authority to abridge the notice requirement and other procedures which are required by state law in connection with land use decisions. *See, e.g., League of Women Voters v. Coos County,* 82 Or App 673, 729 P2d 588 (1986); *Overton v. Benton County,* 61 Or App 667, 658 P2d 574 (1983). The notice and hearing requirements of ORS 215.416 are legislative mandates. Moreover, they are directly tied to the LUBA appeal rights and appellate procedures which ORS 215.422 and ORS 197.830 to 197.845 require with respect to discretionary county land use decisions involving the issuance of permits. As respondent argues, the term "[w]hen required or authorized by [county legislation]" in ORS 215.416(1) is not a condition precedent to the county's compliance with the requirements of ORS 215.416; the term relates to what the applicant must do to obtain a discretionary permit, not to what the county must do in deciding whether to issue one. The other subsections of the statute answer the latter question. LUBA correctly held that the county must give notice and provide hearing rights.

■    Petitioner also argues:

"Under the unique facts of this case, LUBA erred in holding that the county was required to make findings and that the record lacks substantial evidence since the decision of the county requiring findings or a record was made two and one-half years before it was challenged."

We again disagree. The county's earlier failure to comply with the statutory notice requirement does not excuse it from complying with the requirement that it make findings supported by substantial evidence in the land use decision that it must make on remand. *See League of Women Voters v. Coos County, supra.*

Affirmed.