Argued and submitted January 22, vacated in part, otherwise affirmed March 9, 1988

## DOUGHTON,
### *Appellant,*
#### *v.*
## DOUGLAS COUNTY et al,
### *Respondents.*
## (E85-1162; CA A42601)
750 P2d 1174

Neil S. Kagan, Portland, argued the cause and filed the briefs for appellant.

Paul G. Nolte, County Counsel, Roseburg, argued the cause and filed the brief for respondents Douglas County, Keith Cubic and Robert Wheeler.

No appearance for respondents James Clendenin and Thomas Orlando.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner brought this action under ORS 197.825(4)(a), challenging, *inter alia,* various acts and omissions of Douglas County and its officers in connection with the partition of respondent Clendenin's property, which is zoned for exclusive farm use, and in connection with the issuance of a building permit for a farm dwelling on the part of the property which respondent Orlando purchased from Clendenin.[1] Petitioner appeals from the trial court's dismissal of the action.

The action began as a mandamus proceeding, in which petitioner sought that the court command the county to "rescind and cancel" the partition approval and the building permit. Petitioner then amended his pleading to seek injunctive as well as mandamus relief. His principal argument about the partition is that respondents have not followed the farm management plan upon which he contends the county's approval was conditioned. *See* note 4, *infra.* Before petitioner brought this action, the county formally rejected his request that it rescind the partition approval. Petitioner's principal argument concerning the permit for the dwelling is that the county did not follow the hearing requirements or give him the notice required by ORS 215.416 in conjunction with its issuance.

The trial court dismissed the alternative writ of mandamus on the grounds that it did not state a claim and that the court lacked mandamus "jurisdiction," because the county and its officers had no mandatory duty to rescind the partition approval or the permit. Later, the court denied petitioner's motion for summary judgment on his allegations relating to notice and hearing rights in connection with the building permit. The court treated that motion as one for declaratory relief and rejected it on substantive rather than jurisdictional grounds. The court then entered judgment dismissing the portions of the pleadings to which the rulings described in this paragraph pertained.[2] Petitioner assigns error to those rulings.

---

[1] We use the term "county" to refer to the county and the two county officers who are named respondents. The term "respondents" in this opinion refers to Clendenin and Orlando.

[2] There are other claims in the case which have not been decided. The judgment complies with ORCP 67B.

ORS 197.825(1) gives LUBA jurisdiction over local "land use decisions." However, ORS 197.825(4)(a) provides:

"Notwithstanding subsection (1) of this section, the circuit courts of this state retain jurisdiction:

"(a) To grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations * * *."

The parties dispute whether judicial relief is available here under the quoted provision.

We note at the outset that, although ORS 197.825(4)(a) is worded as a savings clause or an exception, it does not in fact create an exception to LUBA's jurisdiction under subsection (1). ORS 197.015(10)(b), the first of the two sources of jurisdiction under ORS 197.825(4)(a), expressly excludes the decisions described in it from the definition of "land use decision." The second, with which we are concerned here, reserves circuit court jurisdiction over proceedings to enforce the provisions of adopted comprehensive plans and land use regulations. LUBA has jurisdiction to review land use decisions which involve such plans and regulations, but it has no authority or capacity to enforce their provisions. (Indeed, ORS 197.825(4)(b) makes the circuit court rather than LUBA the forum for enforcing LUBA's own orders.)

■ In sum, the statute contemplates no overlap in the subjects over which LUBA and the circuit court have jurisdiction. *See Wright v. KECH-TV,* 71 Or App 662, 664-65, 694 P2d 545, *aff'd* 300 Or 139, 707 P2d 1232 (1985), *cert den* 476 US 1117 (1986) (discussing relationship between ORS 215.185 and LUBA jurisdictional statutes). ORS 197.825(4)(a) does not reserve or establish circuit court jurisdiction over "land use decisions" which are reviewable by LUBA. For that reason, none of the issues pertaining to the building permit was cognizable in this action. The issuance of the permit was a land use decision which could be and was appealed to LUBA and was in turn reviewed by us. *Doughton v. Douglas County,* 88 Or App 198, 744 P2d 1299 (1987); *Doughton v. Douglas County,* 82 Or App 444, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987). The sufficiency of the notice and hearing provided by the county in connection with the issuance of the permit could

have been and was raised in the LUBA appeal process. The circuit court erred by addresssing the merits of any of petitioner's allegations relating to the permit. It had no jurisdiction over them.[3]

The dismissal of the allegations relating to the approval of the partition presents closer questions. The county argues that the court lacked jurisdiction over those allegations, because the county's rejection of petitioner's demand that it rescind the approval was a land use decision which could have been appealed to LUBA. It argues alternatively that, under its Land Use and Development Ordinance, rescission of an approval is within the discretion of county officials and that the trial court was therefore correct in concluding that relief by mandamus was unavailable.

Petitioner argues, first, that the alternative writ challenged the county's ongoing failure to enforce its land use regulations, rather than its "land use decision" not to revoke the approval. He then contends that respondents' failure to comply with the farm management plan placed the partition in violation of the county's land use regulations and the compliance requirement which the county attached to its approval of the partition. Petitioner concludes that the specific relief which he sought, revocation of the partition approval, was the only meaningful method by which the county could enforce its regulations. The regulations themselves, he argues, require that the county enforce them and, therefore, rescission of the approval was not discretionary under these circumstances.

■ The county's jurisdictional argument begs the question. Whether or not the decision not to rescind the approval

---

[3] Petitioner states in his reply brief:

"In this case, petitioner asserted the claim that he was entitled to notice and an opportunity to be heard on the issuance of a building permit to Orlando for a farm dwelling. In evaluating that same claim this Court has already found in petitioner's favor. *Doughton v. Douglas County,* [88 Or App 198, 744 P2d 1299 (1987)]. Therefore, the county is directly estopped from contesting petitioner's rights to notice and an opportunity to be heard in this proceeding."

Assuming that petitioner's legal assessment of the effect of our decision is correct, his right to notice and a hearing cannot be vindicated in *this* action.

LUBA's and our decisions concerning petitioner's rights under ORS 215.416 were issued after the judgment in this case was entered. We would be surprised and unamused if the county proceedings which follow from LUBA's and our decisions necessitate that we again address the notice and hearing requirements for the issuance of the permit.

could have been appealed to LUBA, the issue remains whether the county's alleged ongoing failure to enforce its plan and land use regulations was redressable through a mandamus proceeding under ORS 197.825(4)(a). Petitioner's overriding contention is that that failure was a continuing process which preceded and persisted after the county's specific rejection of petitioner's specific request that the county revoke its approval. Carried to its logical extreme, the county's argument would make *any* enforcement proceeding against a local government—which was intent on avoiding it—impossible. All that the governmental body would have to do to prevent judicial enforcement would be to promulgate "decisions," *ad infinitum,* reiterating its intention to tolerate noncompliance. The fact that petitioner may have let an opportunity to appeal to LUBA from a given county land use decision pass is not decisive of whether he may invoke ORS 197.825(4)(a). The question is whether his allegations state a claim that, independently of that decision, the county's plan or regulations are not being enforced. We conclude that they do.

■      We accordingly disagree with the county's argument that petitioner's contentions regarding the partition fall within LUBA's exclusive jurisdiction. However, we agree with the trial judge and the county that mandamus does not lie to afford the specific "rescind and cancel" relief which petitioner sought in the alternative writ. Although mandamus may have been available to compel the county to take *some* enforcement action, *see Cordill v. City of Estacada,* 67 Or App 481, 678 P2d 1257 (1984), nothing to which petitioner points in the county's land use legislation *requires* it or its planning officials to enforce that legislation by the specific method—revocation of approval—to which petitioner limited the relief sought. The trial court correctly ruled that it lacked authority to command the county to pursue that discretionary course.[4] *See Cordill v. City of Estacada, supra.*

The Supreme Court said in *Wright v. KECH-TV, supra,* in applying ORS 215.185:

---

[4] The trial court based its conclusion that the county had no mandatory duty on its understanding that adherence to the farm management plan was not a condition of the partition approval. We base ours on the language of section 3.52.450 and other provisions of the county's ordinance which have been cited to us. We do not comment on the merits of the trial court's basis for the conclusion.

"If plaintiffs' complaint alleged that defendants violated or proposed to violate the terms of the permits or the Marion County ordinance under which they were issued, perhaps the complaint would allege a claim for relief cognizable in circuit court because no 'land use decision' made by a 'local government' would be at issue. LUBA would not be the correct forum. The complaint, however, clearly challenges the issuance of the permits by the county, and not the subsequent actions taken pursuant to the permits by the defendants." 300 Or at 174. (Footnote omitted.)

The same reasoning is applicable to ORS 197.825(4)(a) and, were it not for the form of the relief petitioner sought, his allegations concerning the partition approval would have been sufficient to invoke the court's jurisdiction under that statute. Without commenting on the merits of those allegations, we note our agreement with petitioner's understanding of the purpose of the statute: to enable local governments and members of the public to compel compliance with local land use legislation under circumstances where the non-compliance is not embodied in a discrete land use decision. We also note our general agreement with petitioner that judicial relief under the statute cannot invariably be escaped by a local government's fabrication of a "land use decision" which does nothing more than memorialize its continuing failure to comply with or require compliance with its legislation. *But see Medford Assembly of God v. City of Medford*, 297 Or 138, 681 P2d 790 (1984), *cert den* 474 US 1020 (1985).

The portions of the judgment relating to the building permit for the farm dwelling are vacated; otherwise affirmed.