Argued and submitted July 10, reversed and remanded as to fourth count; otherwise affirmed September 6, 1989

## CITY OF OREGON CITY,
*Appellant,*

*v.*

## MILL-MAPLE PROPERTIES, INC., et al,
*Respondents.*

(88-11-155; CA A50862)

779 P2d 172

Edward J. Sullivan, Portland, argued the cause for appellant. With him on the brief were Mark J. Greenfield and Mitchell, Lang & Smith, Portland.

Charles E. Corrigan, Portland, argued the cause for respondents Mill-Maple Properties, Inc., Vancouver Federal

Savings Bank and ELPH Enterprises, Portland. With him on the briefs was O'Donnell, Ramis, Elliott & Crew, Portland.

Michael E. Judd, Chief Assistant County Counsel, Oregon City, argued the cause and filed the brief for respondent Clackamas County.

No appearance for respondent Clairmont Water District.

No appearance for respondent Tri-City Service District.

No appearance for respondent Fire District No. 54.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

**WARREN, J.**

Plaintiff City of Oregon City brought this action for declaratory, injunctive and other relief, seeking to prevent further urban development of and the provision of urban services to the Country Village property, which the private party defendants seek to develop as a phased mobile home park. The city also opposed the development in defendant Clackamas County's proceedings relating to its design review approval and appealed the county's approval decision to LUBA. LUBA and, in turn, we affirmed the county's decision. *City of Oregon City v. Clackamas County,* 96 Or App 651, 773 P2d 1343, *rev den* 308 Or 315 (1989). While the appeal to LUBA was pending, defendants moved to dismiss this action, on the ground that LUBA had exclusive subject matter jurisdiction under ORS 197.825(1). The trial court allowed the motion. The city appeals from the resulting judgment, and we affirm in part and reverse in part.

The principal substantive issue that the parties dispute is whether the Country Village development may proceed or receive urban services before the area is annexed to the city. In 1982, the city and the county entered into a revised urban growth management agreement, under which the city was to furnish urban facilities and services to Country Village and certain other unincorporated areas. The agreement provides that "City may require annexation prior to the provision of such urban facilities and services" and that the "provision of such services shall be preceded by annexation to the City, unless the parties specifically agree otherwise." In 1987, the parties executed a second addendum to the agreement, providing that the

> "agreement provisions which require annexation to City will require annexation * * * when this property is contiguous to the City or when the City requires annexation."

In *City of Oregon City v. Clackamas County, supra,* decided after the parties filed their briefs in this appeal, we rejected the city's contention that the agreement and the addendum required the county to make annexation of the area a condition of its design review approval. We explained:

> "Assuming that the annexation provisos of the 1982 agreement, standing alone, would have required county to impose the annexation condition, city's argument can succeed only if

it is correct in contending that the second addendum leaves the provisos standing and *simply* makes their enforcement optional with city. We do not agree that the addendum can be read that narrowly. If the original provisos mandated annexation before services could be provided or development allowed, the second addendum modifies them substantially. It permits pre-annexation services and development until the area becomes contiguous to city or city elects to require annexation. The addendum eliminates any *requirement* of pre-development annexation in the underlying agreements.

"* * * * *

"We are unsure whether city also argues here that the second addendum itself, independently of the annexation provisos in the 1982 agreement, contains any requirement that county make pre-development annexation a condition of its approval. If that argument is made, it is unmeritorious for the reasons that LUBA stated. There is nothing in the addendum to suggest that *county* must take any action to implement city's decision to annex, let alone the very specific action that city seeks to compel." 96 App at 655-56. (Emphasis in original.)

Most of the jurisdictional questions here also turn on the 1982 city-county agreement and the 1987 addendum. The city argues that the agreement is a "land use regulation," that this is an action to enforce the contractual annexation requirements and that the circuit court therefore has jurisdiction under ORS 197.825(4).[1]

■      Although the city acknowledges that the Country Village development is proceeding in accordance with county

---

[1] ORS 197.825 provides, in relevant part:

"(1) Except as provided in subsections (2) and (3) of this section, the board shall have exclusive jurisdiction to review any land use decision of a local government, special district or a state agency in the manner provided in ORS 197.830 to 197.845.

"* * * * *

"(4) Nothwithstanding subsection (1) of this section, the circuit courts of this state retain jurisdiction:

"(a) To grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations[.]"

In the appeal from the design review approval, LUBA agreed that the agreement is a land use regulation. We did not reach that question in *City of Oregon City v. Clackamas County, supra,* and need not decide it here.

land use decisions, which were or could be reviewed exclusively by LUBA, it contends that it was not limited to the "land use decisionmaking context" in exercising its contractual right to require annexation. The city notes that it requested the county "not to engage in land use decisionmaking so that the city could annex the site" and argues:

"Circuit court action was appropriate when the County refused to comply with the City's request.

"Following design review approval by the County, circuit court action was the *only* avenue available to the City to prevent urban services from being provided by another service provider, since no further 'land use decisions' were necessary to allow the developer to develop the site." (Emphasis city's.)

The city seems to perceive ORS 197.825(4)(a) as an election of remedies statute, under which circuit court "enforcement" may be sought by a party after the land use decisionmaking process has yielded adverse results. We understand the statutory scheme differently. If the opposed action takes the form of or is permitted by a land use decision, the exclusive avenue of review is to LUBA and then to this court, in accordance with ORS 197.805 to ORS 197.855. ORS 197.825(4)(a) does not establish circuit court jurisdiction to render a second decision on the same subject, in the guise of enforcement.

*Doughton v. Douglas County,* 90 Or App 49, 750 P2d 1174 (1988), on which the city relies, is inapposite. We said there that jurisdiction arises under ORS 197.825(4)(a) if there is a "claim that, *independently of* [*a land use*] *decision,* the county's plan or regulations are not being enforced." 90 Or App at 54. (Emphasis supplied.) We also said that the purpose of ORS 197.825(4)(a) is

"[t]o enable local governments and members of the public to compel compliance with local land use legislation under circumstances where the non-compliance is *not embodied in a discrete land use decision.*" 90 Or App at 55. (Emphasis supplied.)

■    Here, the county did make a discrete land use decision. Although the city's complaint does not challenge that decision specifically, the thrust of four of its five "counts" is that the provision of urban services, further development of the area and further decisions allowing or consistent with its

development are contrary to the agreement and should be enjoined or otherwise redressed. The issues that the city seeks to raise in those counts turn on the same understanding of the agreement and addendum that the city advanced and that the county, LUBA and we rejected in the design review approval proceeding. We agree with the circuit court that it lacked jurisdiction over those counts.[2]

█   In its fourth count, the city alleges that defendants "Vancouver Federal, Mill-Maple, and ELPH Enterprises are in breach" of a recorded instrument entitled "Declaration of Protective Covenants, Conditions and Restrictions for Country Village, a Planned Unit Development." The city further alleges that it is a third-party beneficiary of that instrument and seeks to have the breach enjoined. We discern no reason why the circuit court lacks jurisdiction over that count.

Reversed and remanded as to fourth count; otherwise affirmed.

---

[2] We express no view about circuit court jurisdiction over matters that could arise under the agreement but are wholly unrelated to any land use decision that was or could be made, *e.g.,* efforts by the city to make annexation a condition precedent to *its* provision of urban services.

The city's alternative argument, that the court had jurisdiction under ORS 215.185, is also incorrect. *See Wright v. KECH-TV,* 300 Or 139, 147, 707 P2d 1232 (1985), *cert den* 476 US 1117 (1986); *Mehring v. Arpke,* 65 Or App 747, 672 P2d 382 (1983), *rev den* 296 Or 411 (1984).