Argued and submitted February 11, affirmed May 1, 1991

# SAUVIE ISLAND AGRICULTURAL LEAGUE,
*Appellant,*

*v.*

# GGS (HAWAII), INC.,
George Douglas and
Multnomah County Board of Commissioners,
*Respondents,*

# FRIENDS OF SAUVIE ISLAND
and Sauvie Island Boosters,
*Intervenors - Respondents.*

(A8910-05964; CA A63718)

810 P2d 856

W. W. Kirtley, Portland, argued the cause for appellant. With him on the briefs was Haglund & Kirtley, Portland.

Michael R. Campbell, Portland, argued the cause for respondent GGS (Hawaii), Inc. With him on the brief were Charles F. Adams and Stoel Rives Boley Jones & Grey, Portland.

No appearance for respondents George Douglas and Multnomah County Board of Commissioners.

John R. Faust, Jr., Portland, argued the cause for intervenors - respondents. With him on the brief was Schwabe, Williamson & Wyatt, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff brought this declaratory judgment action seeking, along with related relief, a declaration that defendant county's approval of a conditional use for the development of a golf course had expired pursuant to the county zoning ordinance. The trial court dismissed the action on the ground that a writ of review was the appropriate procedure and the time for bringing that proceeding had passed. Plaintiff appeals. We affirm, although for reasons that differ from the trial court's.

In October, 1983, the county approved the conditional use, for which defendant Douglas was the applicant. Under sections 11.15.7010(C) and 11.15.7110(C) of the county code, the approval would "expire two years from the date of such approval if substantial construction or development has not taken place." In September, 1985, Douglas' attorney wrote to the county planning department to apprise it that a number of development steps had been taken. The planning director responded with a letter "finding" that the activities "constitute substantial progress toward the establishment of the golf course. Therefore, the approval * * * will not expire." Plaintiff contends that the director's action was taken without notice, a hearing or related procedures.

Because this case was decided on preliminary motions, we do not know what procedures the director followed. The parties also point to nothing in county or state legislation that defines what procedures were required. Be that as it may, given the reasons for our holding, we need not decide whether the director's letter or any other action of the county met any applicable procedural requirements for a land use decision.

In December, 1988, Douglas sold the property to GGS (Hawaii), Inc. The next month, Douglas applied to have the golf course site expanded by 55 acres. The application was approved by the planning commission.[1] On June 20, 1989,

---

[1] The commission said in its order:

"The Planning Director determined that the applicant had performed substantial work leading to development of the golf course within two years of the approval in a letter dated September 30, 1985. This determination extends the CS-11-83 approval indefinitely."

the Board of County Commissioners reversed the commission's decision on the expansion. The board also requested advice from county counsel as to whether it could review the planning director's September, 1985, letter extending the original approval. He responded:

"The Director had legal authority to notify the permittee of the status of the permit under section 11.15.7110(C).[1] *See* ORS 215.042(1) (Planning Director is chief administrative officer of planning department). The Director exercised that authority over three years ago, advising the permittee that the permit 'will not expire.' Can the Board review or reconsider that decision now?

"My research does not disclose a definitive answer. However, it would be risky for the county to revisit the permit-expiration issue at this late stage.

"First, the Board would have the problem of deciding what actions/investments had been taken by the permittee prior to the two year deadline (October 1985), and whether post-deadline actions/investments could be considered. The events in question are over three years old, so difficult proof problems could be presented.

"Second, if the Board reversed the position taken by the Director in 1985, I would expect a court to take a very hard look at the reversal. The permittee would no doubt argue that he could and did reasonably rely on the Planning Director's decision. * * *

"[1]    The Zoning Code does not designate which county official(s) make a decision on the status of a permit under MCC 11.15.7110(C). In the absence of a designation, either the Board of Commissioners or the Planning Director could exercise this authority. A code amendment would clear the line of authority for future cases."

The board took no action.

Plaintiff then brought this action. The relief that it seeks is that the court

"a)    enter a declaratory judgment that defendant Douglas had not performed substantial construction or development of the golf course as of October, 1985, and the conditional use and community service designations expired at that time;

"b) enter a declaratory judgment that the Board, acting through its Planning Director, unlawfully determined that defendant Douglas' permit to develop and construct a golf course on their Sauvie Island property had not expired;

"c) enter a declaratory judgment that no approval currently exists for development or construction of a golf course on the affected land because any such approval lapsed upon defendant Douglas's transfer of the land to defendant GGS; and

"d) issue an injunction requiring defendants Douglas and GGS to halt all development and construction of a golf course unless and until a new approval for such development is received."

■ The issue that the parties formulate, correctly, is whether the circuit court had jurisdiction. Defendant GGS and intervenors contend that the subject matter of the action comes within LUBA's exclusive jurisdiction to review "land use decisions." Plaintiff counters that the action is within the circuit court's enforcement jurisdiction under ORS 197.825(3)(a), which provides:

"Notwithstanding subsection (1) of this section, the circuit courts of this state retain jurisdiction:

"(a) To grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations."[2]

Plaintiff relies on *Doughton v. Douglas County,* 90 Or App 49, 750 P2d 1174 (1988) (*Doughton*), where we held that the county's failure to require a person who had been granted partition rights to comply with a condition that was attached to the approval of the partition *could* give rise to *some* enforcement remedy under ORS 197.825(3)(a). However, the only specific relief that the plaintiff sought in the action—that the county be required to rescind the partition approval—was not the exclusive compliance action that the county could take, was not mandatory and was therefore

_____

[2] GGS also makes some attempt to defend the trial court's conclusion that a writ of review was the proper procedure. That conclusion is incorrect. The enactment of ORS 197.805 *et seq* clearly places the matter outside the circuit court's jurisdiction, unless and to the extent that it comes within ORS 197.825(3).

unavailable. We affirmed the trial court's dismissal of the claims pertaining to the partition.[3]

Similarly, here, the only relief that plaintiff seeks is beyond the circuit court's authority. It asks the court to decide affirmatively that the approval had expired under sections 11.15.7010(C) and 11.15.7110(C). In other words, it asks the court to make a land use decision. Whether "substantial construction or development" has occurred is a question that requires the exercise of "factual or legal judgment" and that the county must answer through a land use decision. *Doughton v. Douglas County,* 82 Or App 444, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987). As indicated in the county counsel's letter, it may not be clear which entity in the county has the authority to answer the question, but it is clear that the circuit court does not.[4]

Given our conclusion, we need not decide whether *some* form of enforcement relief might be available under the facts alleged. We note, however, that this case differs from *Doughton.* The contention there was that the county was not requiring compliance with conditions that it had established as part of a land use decision that it had already made and that was not subject to any further automatic consideration by the county itself. Here, as we have noted, the two-year expiration provision requires a land use decision on the county's part, at least if one is properly requested by someone with standing. Plaintiff's contention is that the county has failed to make a required decision or has made an erroneous one. In the first instance, a request could be made to the county that it make a decision and its action might be reviewable as a land use decision; in the second, the process for reviewing land use decisions would have been exclusive.

■    Plaintiff also argues that judicial intervention should be available, because the director's 1985 action did not comply with notice and other procedural requirements and the board made no decision of its own on the expiration question.

---

[3] *Doughton* was a mandamus action. Nevertheless, the principle stated there also applies in this case, where the only relief plaintiff seeks is beyond the court's authority.

[4] Plaintiff also contends that the approval lapsed when the property was sold. That assertion is also a matter that must be decided by a land use decision. It is a question of law that relates to the status of the approval.

However, as we also pointed out in *Doughton,* 90 Or App at 52-53, any procedural defects in a land use decision are reviewable exclusively by the land use appeal process. *See also League of Women Voters v. Coos County,* 82 Or App 673, 729 P2d 588 (1986).

Affirmed.