Argued and submitted November 18, affirmed December 11, 1991

# Garrett WYGANT,
## *Petitioner,*

*v.*

# CURRY COUNTY,
## *Respondent.*

# (LUBA 91-071; CA A71774)

821 P2d 1109

John C. Babin, Brookings, argued the cause for petitioner. With him on the brief was Babin & Keusink, P.C., Brookings.

Gordon R. Hanna, Salem, argued the cause for respondent. With him on the brief was Donaldson, Albert, Tweet, Connolly, Hanna & Muniz, Salem.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Curry County's governing body passed a motion to "seek injunctive relief for the clean up" of petitioner's automobile wrecking yard. Petitioner appealed that decision to LUBA, which dismissed the appeal for lack of jurisdiction. Petitioner seeks review, and we affirm.

In July, 1990, the county granted conditional approval of petitioner's application to the Division of Motor Vehicles (DMV) for a wrecking certificate. *See* ORS 822.140. In September, DMV informed the county that a conditional approval did not satisfy its requirements for local approval of an application. No further application was filed by petitioner, and no further action on the application was taken by the county.

The challenged county action was taken on May 6, 1991, and, pursuant to it, the county brought a circuit court proceeding under ORS 197.825(3)(a):

"Notwithstanding subsection (1) of this section [pertaining to LUBA's jurisdiction], the circuit courts of this state retain jurisdiction:

"(a) To grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations * * *."

The county moved to dismiss petitioner's LUBA appeal from the May 6 action on the ground that "the challenged decision is not a final land use decision over which [LUBA] has review authority." LUBA agreed:

"The only decision on appeal here is one directing the county counsel to file a complaint in the circuit court to seek to enforce county zoning regulations. We do not believe the challenged decision is one over which we have review authority. The challenged decision does not purport to apply county land use regulations as a final land use decision resolving issues relevant to an application requesting land use approval. As far as we can tell, the challenged decision is one to direct injunctive proceedings be brought under ORS 197.825(3)(a)." (Footnotes omitted.)

■■    We agree with the county and LUBA. At least when there is no pending related matter that must result in or be resolved by a land use decision, *see Campbell v. Bd. of County Commissioners*, 107 Or App 611, 813 P2d 1074 (1991), a local government's decision to bring an enforcement proceeding pursuant to ORS 197.825(3)(a) is not reviewable by LUBA, because it is not a land use decision. *See Haynie & Krahel v. City of Ashland*, 14 Or LUBA 152 (1985). Rather, the statute provides a procedure for the local government and others to enforce the government's plan and regulations under circumstances where the land use decision-making process is not available for that purpose. *See Doughton v. Douglas County*, 90 Or App 49, 750 P2d 1174 (1988).

■    Petitioner argues that there was more to the adopted motion than simply a decision to start an enforcement proceeding. The motion also recited that petitioner's use was not protected as a vested right and that the standard that the use had to meet was "that of a residential community."[1] Petitioner maintains that both of those determinations are land use decisions. He is wrong. In order for the governing body to decide that an enforcement proceeding should be pursued, it necessarily had to have concluded that there were violations of the regulations that it would seek to enforce. The recitations were part and parcel of the decision to seek the circuit court remedy, and we reject petitioner's tail-wagging-the-dog argument.

■    Petitioner also seems to maintain that the decision that he challenges was intertwined with the county proceedings on his certificate application. Assuming without deciding that a county decision on the application would have been reviewable by LUBA, the application proceedings had come to an end long before the decision that petitioner now challenges was made. It is of no consequence if, as petitioner suggests, the county became aware of the perceived need for an enforcement action in the course of the proceedings that began with its consideration of the application. The decision to bring the enforcement action was entirely separate from any action on the application.

---

[1] We do not understand the quoted language to involve a rezoning of the property.

We reject petitioner's remaining arguments without discussion.

Affirmed.