Argued and submitted March 16, reversed and remanded May 11, petition for review denied August 2, 1994 (319 Or 572)

## CLACKAMAS COUNTY,
a political subdivision of
the State of Oregon,
*Appellant,*

*v.*

## Doris MARSON,
*Respondent.*

## (92-9-31; CA A81273)

874 P2d 110

Michael E. Judd, Chief Assistant County Counsel, argued the cause and filed the briefs for appellant.

Charles E. Corrigan argued the cause for respondent. With him on the brief was G. Frank Hammond.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

ROSSMAN, P. J.

**ROSSMAN, P. J.**

Clackamas County brought this "enforcement action" under ORS 215.185 and ORS 197.825(3)(a), contending that defendant's use of her property in an exclusive farm use (EFU) zone for the parking of log trucks violated the county's zoning ordinance. The trial court, citing *Campbell v. Bd. of County Commissioners*, 107 Or App 611, 813 P2d 1074 (1991), ruled that it lacked subject matter jurisdiction and dismissed the action. The county appeals, and we reverse.

■ ORS 197.825(1) confers exclusive jurisdiction on LUBA to review local land use decisions, as defined by ORS 197.015(10). However, ORS 197.825(3)(a) reserves circuit court jurisdiction

"[t]o grant declaratory, injunctive or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations[.]"

On most of the occasions that jurisdictional issues under that statute have reached this court, the problem has been that land use decisions or matters that are subject to the land use decision and review process have been erroneously brought in circuit court. In *Campbell*, for example, the plaintiffs brought a mandamus action, seeking to compel the county to deny an application that was pending before it and that, in regular course, was to be acted upon through a land use decision. We held that the circuit court lacked jurisdiction. Quoting from our earlier decision in *Sauvie Island Agricultural v. GGS (Hawaii), Inc.*, 107 Or App 1, 6, 810 P2d 856 (1991), we explained in *Campbell* that "a party may not, under the guise of a circuit court enforcement proceeding, ask 'the court to make a land use decision.' " 107 Or App at 615. *See also Wright v. KECH-TV*, 300 Or 139, 707 P2d 1232 (1985), *cert den* 476 US 1117 (1986); *City of Oregon City v. Mill-Maple Properties, Inc.*, 98 Or App 238, 779 P2d 172 (1989).

On other occasions, however, we have made it equally clear that circuit court enforcement proceedings are permissible under the circumstances delineated in ORS 197.825(3)(a). In *Doughton v. Douglas County*, 90 Or App 49,

55, 750 P2d 1174 (1988), we explained that the purpose of ORS 197.825(3)(a) is "to enable local governments and members of the public to compel compliance with local land use legislation under circumstances where the non-compliance is not embodied in a discrete land use decision." In *Wygant v. Curry County*, 110 Or App 189, 821 P2d 1109 (1991), we agreed with LUBA that it lacked jurisdiction to review the county's decision to bring a judicial enforcement proceeding, explaining:

> "At least when there is no pending related matter that must result in or be resolved by a land use decision, *see Campbell v. Bd. of County Commissioners*, 107 Or App 611, 813 P2d 1074 (1991), a local government's decision to bring an enforcement proceeding pursuant to ORS 197.825(3)(a) is not reviewable by LUBA, because it is not a land use decision. *See Haynie & Krahel v. City of Ashland*, 14 Or LUBA 152 (1985). Rather, the statute provides a procedure for the local government and others to enforce the government's plan and regulations under circumstances where the land use decision-making process is not available for that purpose. *See Doughton v. Douglas County*, 90 Or App 49, 750 P2d 1174 (1988)." 110 Or App at 192.

Defendant relies on the first of the two groups of cases we have described, and draws the conclusion:

> "If to resolve a land use issue the court must interpret the zoning code or employ policy or legal judgment, then its decision would be an impermissible land use decision. Thus, while all land use enforcement actions will raise land use issues, some will [impermissibly] require land use decisions."

The county takes the view that, whenever circuit court jurisdiction is available under the terms of ORS 197.825(3)(a), the circuit court is empowered to resolve whatever land use issues that the action entails. The county asserts that our cases preclude circuit court involvement in land use *decisions*, over which LUBA has jurisdiction, but not in land use *issues* that arise in enforcement actions over which the circuit courts have jurisdiction.

Defendant appears to regard our cases as having drawn a jurisdictional line based on the complexity of the land use questions involved, with all questions that require interpretation or "policy or legal judgment," being beyond the

cognizance of the circuit courts. She is incorrect. ORS 197.825(3)(a) provides for circuit court jurisdiction over two kinds of proceedings: Those arising out of ORS 197.015-(10)(b) *or* those brought to enforce comprehensive plan and regulatory provisions. ORS 197.015(10)(b) excludes from the definition of "land use decision," and from LUBA's review jurisdiction, *inter alia*, local government decisions "which do not require interpretation or the exercise of policy or legal judgment." Defendant's reliance on the analysis of the first facet of ORS 197.825(3)(a) in our cases is misplaced, because this is not a proceeding arising out of ORS 197.015(10)(b); it is a proceeding to enforce a provision of a land use regulation. ORS 197.825(3)(a) places no limits on the types of issues the court may consider in an action of the latter kind.

■■ The county is correct in the distinctions it draws. What the circuit court has authority to decide depends on the nature of the proceeding, not the nature of the question. It has authority to decide all land use issues that arise in a properly brought enforcement action; it has no authority to make or review land use decisions, which are a type of proceeding over which the legislature has conferred jurisdiction on others. As we pointed out in *Doughton v. Douglas County, supra*, ORS 197.825 establishes a clean jurisdictional line between the land use decision and review process and the enforcement process. 90 Or App at 52. The circuit court enforcement process is available when the matter at issue is not subject to the land use decision process or susceptible to resolution through a land use decision. Indeed, it is difficult to imagine a more pristine occasion for an enforcement action than this case: According to the county's allegations, petitioner is conducting a use that violates the zoning ordinance, and she has filed no application to allow that use or have it declared permissible through a land use decision.[1]

■ Defendant argues that, even under the standard we articulated in *Doughton* and *Wygant v. Curry County, supra*, and have reiterated here, the circuit court nevertheless lacks jurisdiction, because she asserts that the county's own procedures require a land use decision to determine whether she

[1] Defendant disputes the county's position on the merits and our discussion implies no view of the merits, which are for the trial court to consider initially on remand.

is in violation of the zoning ordinance. She relies on section 1305.01 of the ordinance, which defines the planning director's administrative duties, and which provides as relevant:

"DUTIES: The Planning Director, or his designate, subject to the direction of the Board of County Commissioners, shall perform the following duties:

"* * * * *

"K. Decide all questions of interpretation or applicability to specific properties of any provision of this Ordinance. The Planning Director's decision may be appealed to the Hearings Officer as an initial administrative action. The appeal must be filed within fifteen (15) days of the date of the letter of final action. Subsection 1301.03 notwithstanding, recognized community organizations may initiate appeals of such interpretations or decisions of the Planning Director as initial administrative actions. An appeal stays proceedings in the matter appealed until the determination of the appeal."

Defendant theorizes that, under that provision, the county's planning staff was required to seek a determination from the director as to whether the ordinance forbids the parking of the trucks in the EFU zone. The determination would constitute a land use decision, appealable to a hearings officer and then through the LUBA and judicial review process.

We do not agree with defendant's understanding of section 1305.01.[2] Nothing in the text or context of the section suggests that the procedure must be followed before any enforcement activity may occur, or that the planning staff must seek a formal ruling or land use decision from the director about each application of the zoning ordinance to each specific property. The section simply makes a procedure available to those who seek to invoke it; it does not mandate that the county itself must pursue the procedure as a condition precedent to conducting its administrative duties. The

---

[2] We do not understand *Clark v. Jackson County*, 313 Or 508, 836 P2d 710 (1992), or ORS 197.829 to affect the scope of our review or our authority to interpret the ordinance in this appeal from a circuit court judgment. That case and statute pertain only to the review of land use decisions by LUBA and the courts pursuant to ORS 197.805 *et seq. Clark* purports to be an application of ORS 197.835(7)(a), a statute pertaining to review of local land use decisions. There is no basis for applying it outside of that context. *See Lane County v. Heintz Const. Co. et al*, 228 Or 152, 157, 364 P2d 627 (1961).

provision requires decisions only when there *are* "questions of interpretation or applicability;" it does not require planning officials or anyone else to devise questions for the director to decide.

It is possible that defendant herself could have sought a ruling from the director under section 1305.01 about the permissibility of the use, and then could have invoked whatever further steps in the land use decision and review process that she chose to pursue. She does not contend that she sought such a ruling and, therefore, we do not address what effect, if any, her doing so might have had on this proceeding.

We conclude that the trial court erred in holding that it lacked jurisdiction.

Reversed and remanded.