Argued May 21, affirmed June 18, petition for review
denied July 31, 1973

CLACKAMAS COUNTY, *Respondent, v.*
PORTLAND CITY TEMPLE ET AL,
*Appellants.*
511 P2d 412

*Alan K. Brickley,* Portland, argued the cause for appellants. With him on the briefs were Davis, Jensen, DeFrancq & Holmes, Portland.

*Richard F. Crist,* Deputy District Attorney, Oregon City, argued the cause for respondent. With him on the brief was Roger Rook, District Attorney, Oregon City.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

SCHWAB, C.J.

On October 31, 1969, Clackamas County adopted a zoning ordinance which classified defendants' property as RA-1 (agricultural) single family residential district. Thereafter, the county sought an injunction restraining the defendants from using a portion of their property as an airport landing strip in violation of the ordinance.

Defendants contended that the property had been used as a landing strip prior to the adoption of the zoning ordinance; therefore, defendants had the right to continue that use as a nonconforming use.

The trial judge granted the injunction on the grounds that the prior use had been unlawful because

neither defendants nor their predecessors had obtained the required state and federal airport licenses; hence a nonconforming use was never established.[1] We do not reach the question whether failure to obtain the airport license rendered defendants' use unlawful within the meaning of ORS 215.130 (5),[2] having concluded that the use of the property as a landing strip was too infrequent and incidental to constitute an "existing use" within the meaning of that term in zoning law.

Defendants took possession of the property in late June 1969, intending to use the property for farming and for recreational and instructional purposes in connection with their program for disadvantaged youth. Airplane rides were to be part of that program. The entire property apparently consisted of a parcel of land in excess of twenty acres, with approximately one-tenth or less used as the landing area. The tract was described as primarily pasture and hayfields, and having an old house, barn and garden. De-

---

[1]
"* * * [A nonconforming use is one] which *lawfully* existed prior to the enactment of a zoning ordinance, and which is maintained after the effective date of the ordinance although it does not comply with the use restrictions applicable to the area * * *." 1 Anderson, American Law of Zoning 306, § 6.01 (1968). (Emphasis supplied.)

[2] ORS 215.130 (5) provides in pertinent part:
"The *lawful* use of any building, structure or land at the time of the enactment of any zoning regulation or amendment thereto, may be continued as such although not in conformity with the zoning regulation * * *." (Emphasis supplied.)

*See,* 1 Anderson, American Law of Zoning 339, § 6.15 (1968); 2 Rathkopf, The Law of Zoning and Planning, 58-17 (3rd ed 1969), and cases cited therein for a discussion of the effect of particular offenses, such as failure to obtain a license, upon the right to continue an existing use.

fendants kept cattle and other livestock on the property.

Previous owners had used part of the property as a landing strip with varying frequency. The landing strip area was unimproved, and was characterized as a "cow pasture" by one of the defendants as of the time of purchase. After acquiring the property, defendants spent no money on improvements related to use of the property as a landing strip, although the area in question was mowed once. One of the defendants kept his plane on the property some of the time, and friends flew in and out occasionally. Conflicting testimony indicated that the landings were as frequent as once a day (according to defendants) or as few as once a month or less (according to neighbors). The trial judge characterized the use as "periodic," and we are satisfied that that finding meant an intermittent rather than regular use, too minimal to constitute an existing nonconforming use on the date the zoning ordinance took effect. *See, Washington County v. Stark,* 10 Or App 384, 499 P2d 1337, Sup Ct *review denied* (1972).

■■ "Nonconforming uses are not favored because, by definition, they detract from the effectiveness of a comprehensive zoning plan * * *." *Parks v. Tillamook Co. Comm./Splüd,* 11 Or App 177, 196, 501 P2d 85 (1972), Sup Ct *review denied* (1973). They are permitted to continue only when enforcement of the ordinance would cause serious financial harm to the property owners.

"* * * The destruction of substantial businesses or structures developed or built prior to the adoption of a zoning ordinance is not deemed to be balanced or justified by the advantage to the public, in terms of more complete and effective zoning,

accruing from the cessation of such uses * * *." *People v. Miller,* 304 NY 105, 106 NE2d 34, 35 (1952).

■ The use involved herein, in addition to being minimal in terms of frequency, was recreational and incidental to the primary use of the property. It was not a substantial use, the loss of which would cause serious financial harm to defendants, and hence the destruction of the use is justified by the advantage to the public in being able to carry out an effective zoning plan.

■ Immediately prior to the adoption of the ordinance, defendants commenced building or preparing to build what they termed an accessory farm building. Defendants did the clearing work themselves, and testified that most of the building materials were already on the premises; thus little or no expenditures were made on the building prior to November 1969. Defendants make no claim that the building was a hangar, nor that it was an improvement committing the land to use as an airport. Thus there was not a sufficient development of the land as would give defendants a vested right to continue the development. *See, Clackamas Co. v. Holmes,* 11 Or App 1, 501 P2d 333 (1972), *reversed* 265 Or 193, 508 P2d 190 (1973).

Affirmed.