Argued and submitted December 16, 1991, motion to strike denied; affirmed
January 22, 1992

Dan WARNER
and Shirley Warner,
*Respondents,*

*v.*

CLACKAMAS COUNTY,
*Petitioner,*

*and*

VIOLA-FISHER'S MILL COMMUNITY
PLANNING ORGANIZATION,
*Intervenor Below.*

(LUBA 91-094; CA A72335)

824 P2d 423

Michael E. Judd, Chief Assistant County Counsel, Oregon City, argued the cause for petitioner. With him on the brief was Clackamas County Counsel, Oregon City.

David B. Smith, Tigard, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Clackamas County seeks review of LUBA's remand of the county's determination that respondents Warner did not prove a nonconforming use in an airstrip on their property. Respondents also applied for an expansion of the use, and the county's denial of the expansion was also remanded by LUBA. We affirm.

The county hearings officer relied on *Clackamas Co. v. Port. City Temple*, 13 Or App 459, 511 P2d 412, *rev den* (1973), and concluded, *inter alia*, that the intermittent and infrequent nature of the use since the time of restrictive zoning did not establish a nonconforming use under ORS 215.130 or applicable county zoning ordinance provisions. The hearings officer found in the alternative that the use had been interrupted and that expansion of the use did not qualify under approval provisions of the ordinance.

Respondents appealed to LUBA. It concluded that *Polk County v. Martin*, 292 Or 69, 636 P2d 952 (1981), changed the rules of *Port. City Temple* and other earlier cases for determining whether a nonconforming use exists. Under *Martin*, factors such as intermittency and infrequency are relevant to the *scope* of the use, not its *existence*; the test for the latter determination is whether the use was lawful at the time that the preclusive legislation took effect. LUBA held that respondents had established a nonconforming use as a matter of law under the *Martin* test. It remanded the decision to the county to determine the scope of the original nonconforming use, whether it had been interrupted and whether the expansion should be allowed.

The county contends in its first assignment that LUBA erred in concluding that *Polk County v. Martin, supra*, requires the determination that respondents enjoy a nonconforming use. It explains that *Martin* dealt with a nonconforming quarry site on property that had been dedicated in its entirety to quarry use. Here, conversely, the property is used primarily for farming, and the airstrip was never more than incidental. The county concludes that, under these circumstances, the test of *Clackamas Co. v. Port. City Temple, supra*, and the other earlier cases should remain applicable because, under LUBA's application of *Martin*,

"[i]t would not matter that the use is not a primary use of the property, or how many such uses there may be. That could hardly have been the intent of the Supreme Court in *Martin*. A better interpretation of the holding in that case is that a nonconforming use may be established even if the use is infrequent and does not require a substantial investment, *if* it is the sole, or at least a primary, use of the property. Such an interpretation is consistent with the language in ORS 215.130(5): 'The lawful use of any building, structure or land * * * may be continued.' The words '*The* lawful use' seem to imply continuation [of] a single use rather than any number of activities occurring on a particular property." (Emphasis the county's.)

*Martin* lends no support to the distinction that the county draws. Indeed, the primary versus incidental nature of the activity appears to be the exact kind of factor that the court considered to be relevant to the scope, rather than the existence, of a nonconforming use. We also reject the county's statutory argument and its first assignment.

In its second assignment, the county contends that the remand of the decision was error because, even if a nonconforming use had been established, the hearings officer's alternative finding that the expansion does not satisfy the approval criteria in the ordinance is independently dispositive. LUBA concluded, however, that the resolution of the other questions is dependent on the determination of the scope and nature of the original nonconforming use. LUBA is correct.[1]

Motion to strike denied; affirmed.

---

[1] Respondents have moved to strike the county's brief, because it does not set out the standard of review of its assignments of error, as required by ORAP 5.45(6). The motion is denied.