Argued and submitted July 15, remanded in part; otherwise affirmed
August 18, 1993

## SKYDIVE OREGON, INC.,
*Petitioner,*

*v.*

## CLACKAMAS COUNTY,
*Respondent.*

(LUBA Nos. 92-067, 92-217; CA A79920)

857 P2d 879

Michael J. Martinis, Salem, argued the cause for petitioner. With him on the brief was Webb & Martinis, Salem.

Michael E. Judd, Chief Assistant County Counsel, Oregon City, argued the cause for respondent. With him on the brief was Clackamas County Counsel, Oregon City.

Before Deits, Presiding Judge, and Durham and Leeson, Judges.

DEITS, P. J.

### DEITS, P. J.

Petitioner operates a recreational skydiving facility in a rural residential and resource zone in Clackamas County. The county granted petitioner a conditional use permit for the facility in 1988, subject to various conditions, including a three-year expiration date. In 1991, the county planning director advised petitioner that a new conditional use application would be required for continued operations. Petitioner appealed the director's determination that a new permit was needed, and the hearings officer upheld the director's determination. Petitioner then filed an application for a new conditional use permit for the facility, which the hearings officer approved, again subject to conditions, some of which were new.

Petitioner appealed to LUBA, contending that the county lacked authority to regulate the skydiving operation and to require petitioner to obtain a conditional use permit for the facility. Petitioner also challenged the validity of some of the conditions. LUBA held that part of one of the conditions was invalid, but rejected petitioner's other arguments. Petitioner seeks review, and we affirm in part and reverse in part.

In its first assignment, petitioner asserts that the county lacks authority to apply its land use regulations to the facility and to the skydiving operations. Petitioner makes several supporting arguments, three of which we address: That the skydiving operations are not a "land use," that aeronautical operations in general and skydiving in particular are subject to exclusive federal regulation that preempts the application of local land use regulations, and that an earlier Clackamas County Circuit Court case — to which petitioner was not a party — determined those questions favorably to petitioner's positions.

There is no dispute that petitioner's *property* is subject to county zoning provisions, or that commercial recreational uses are conditionally allowable in the zone that applies to the property. The focus of petitioner's first two arguments is that skydiving is essentially an aeronautical activity, and that all "ground based" incidental activities that might be subject to local land use regulations have already

been established by petitioner or by a predecessor which operated a public use airport on the property. Therefore, all that is left for regulation is an aviation activity that, in petitioner's view, is neither a land use nor a permissible subject of local regulation.

■ LUBA rejected petitioner's argument that the proposed use is not a "land use." It said, and we agree:

> "[W]hile we recognized in *Tylka v. Clackamas County*, 22 Or LUBA 166, 171 (1991), that there may be some uses of land that are so incidental as not to rise to the level of a regulatable 'land use,' the subject activity is not such a de minimus, incidental use. The proposed use involves a relatively large structure, employees, and people and equipment falling out of the air onto land below. We conclude that the use of land for a recreational parachuting center and for parachute landings is a 'land use' that may be regulated by local land use ordinances, subject only to federal preemption."

■■ LUBA then discussed petitioner's preemption arguments and, after a comprehensive analysis, also rejected them. Petitioner is correct that the federal government's regulatory authority generally preempts state and local regulations of activities that are, *per se*, aeronautical in nature or aviation-related uses of airspace. *See City of Burbank v. Lockheed Air Terminal*, 411 US 624, 93 S Ct 1854, 36 L Ed 2d 547 (1973). The federal regulatory power applies to parachuting. 14 CFR Part 105. However, as LUBA's opinion discusses, the dominant weight of authority holds that the regulation of "ground activities" under state and local zoning law is not preempted, even if it has a bearing on where federally regulated aeronautical activities may be conducted.

*Condor Corp. v. City of St. Paul*, 912 F2d 215 (8th Cir 1990), is illustrative. Condor applied for and the city denied a conditional use permit for the operation of a heliport. Condor asserted preemption as one of its bases for invoking federal jurisdiction over its challenge to the denial. The court responded:

> "We find Condor's claim under the Supremacy Clause to be specious and totally insubstantial. We therefore dismiss the claim for lack of jurisdiction.
>
> "Condor's argument is that regulatory aspects of airports or heliports have been preempted by federal law. Condor

urges that the City's denial of the permit was based solely on the premise that the proposed operations agreement was unenforceable because it 'regulates areas governed by federal and state regulations,' and that the proffered inability to regulate federally preempted flight operations is somehow violative of the Supremacy Clause. Condor contends the City effectively intruded into federally preempted aircraft activities by *prohibiting them* from operating a heliport. In other words, to quote Condor, 'it is a wrongful prohibition of a federally-regulated activity, in violation of the Supremacy Clause.'

"Condor concedes its argument is novel and without precedent. We think it completely misses the mark. The doctrine of federal preemption sufficient to provide federal jurisdiction is triggered by a state or local government's regulatory activities that conflict with, or are preempted by, federal law. *See, e.g., First National Bank of Eastern Arkansas v. Taylor*, 907 F.2d 775 (8th Cir., 1990). Here, Condor asserts the City's action in denying its permit conflicts with the FAA's regulation of airspace. We see no conflict between a city's regulatory power over land use, and the federal regulation of airspace, and have found no case recognizing a conflict. *See, e.g., Wright v. County of Winnebago*, 73 Ill. App. 3d 337, 29 Ill. Dec. 347, 352, 391 N.E. 2d 772, 777 (1979) (FAA does not preempt local zoning authority); *Garden State Farms, Inc. v. Bay*, 77 N.J. 439, 390 A.2d 1177 (1978) (same). We therefore reverse and remand to the district court to dismiss the claim for lack of federal jurisdiction." 912 F2d at 219. (Footnotes omitted; emphasis in original.)[1]

After reviewing *Condor* and other apposite authorities, LUBA concluded:

"Here, there is nothing in the federal regulatory scheme relating to the regulation of parachute jumping which purports to foreclose state and local land use regulation of the ground based impacts of parachuting, under state and local zoning laws. Thus, we believe the presence of a state and local

---

[1] Although the court in *Condor* said it found no cases to the contrary, one federal trial court case, *Blue Sky Entertainment, Inc. v. Town of Gardiner*, 711 F Supp 678 (NDNY 1989), *may* be. Even in *Blue Sky*, however, the court cryptically noted that, to the extent the city "ordinance regulates land use * * *, it is not preempted by federal regulation of aviation." 711 F Supp at 683. For reasons that are not relevant here, the court recognized an alternative basis for federal jurisdiction in *Condor* and, on the merits of the pendant state law claim, it reversed the trial court's summary judgment for the city.

comprehensive land use scheme provides the legitimate reason for a local government, in a local permitting process, to regulate the ground based operations and off site impacts of a recreational parachuting center, including the prohibition of jumps onto property other than the property which is the subject of the conditional use permit. In this regard, there is nothing about 14 CFR Part 105 to indicate that it is in any way intended to foreclose the application of a local land use regulation directed at affecting a recreational parachuting business like the kind of regulation at issue here. There is simply nothing in 14 CFR Part 105 establishing that the regulatory scheme embodied therein is intended to be so pervasive as to prevent the county from requiring a conditional use permit for a recreational parachute center or from prohibiting parachute jumpers to land on any but the particular property subject to the conditional use permit."

We agree with LUBA, and we reject petitioner's preemption argument. The county regulations and their application here relate to ground uses, not directly to the aeronautical aspects of petitioner's activity, and federal law does not preclude the county from applying its land use regulations as it has.

Petitioner also relies on the decision in a 1982 Clackamas County Circuit Court case, *Clackamas County v. Gay*, No. 78-4-272, which held that county regulation of parachuting activities similar to the kind in question here "is precluded by federal and/or state preemption." It is unclear how petitioner, which was not a party to the circuit court case, claims to be benefitted by it. Petitioner does not appear to assert that the decision gives rise to claim or issue preclusion. Rather, it apparently relies on the circuit court's reasoning for its persuasive force. For the reasons we have discussed, we are not persuaded by it. We reject petitioner's first assignment.

■ In its remaining assignments, petitioner challenges the county's imposition of conditions and the validity of three specific conditions. Condition 5 requires that all parachute landings be made on petitioner's property. Condition 8 limits the approval of the use to a five-year period. Condition 7 provides:

"The applicant shall obtain and keep on file at all times a bond or other security, or a policy of insurance acceptable to the county, which assures payment to surrounding property

owners for any damage resulting from flying or skydiving activities on the subject property. It is the specific intent of this condition that the applicant be strictly liable for any damage resulting from these activities, and that the form of security provides for prompt payment for any damage[.]"[2]

The county has authority to impose conditions of approval, ORS 215.416(4), and its zoning ordinance provides for conditions, *inter alia*, that are aimed at the "[p]rotection of the public from the deleterious effects of the proposed use." Except as to the part of condition 7 that it rejected, LUBA concluded that the county had made findings to justify the imposition of the conditions, that the findings were supported by substantial evidence, and that the conditions were reasonable methods of protecting agricultural and other nearby property from potentially injurious effects and of minimizing conflicts with other uses. Generally, we agree with LUBA and disagree with petitioner's arguments under these assignments.

 However, without commenting on the specific theory petitioner advances, we agree with its general point that the county has no authority to establish a standard of tort liability, and that it has purported to do that through the language in condition 7 making "the applicant strictly liable for any damages resulting from those activities." The conditions under which strict liability may arise have been statutorily and judicially developed. It is beyond the county's legislative power to alter, supplement or codify them. Furthermore, "strict liability" is a concept that applies to specific theories of liability; it does not apply generally to every act of a particular business or party, as the condition would have it do. With the exception of the strict liability provision and the part of the condition that LUBA held invalid, we find no fault with condition 7 or with the other conditions petitioner challenges.

Because it struck part of condition 7, LUBA's disposition was a remand "for the county to determine whether the proposal is approvable without" that part of the condition.[3]

---

[2] We have omitted the language in condition 7 that LUBA held to be invalid. The county does not challenge LUBA's ruling concerning that language.

[3] We do not understand the phrasing of LUBA's instructions on remand to mean—nor do we mean—that the county is limited on remand to approving or

Our opinion requires the deletion of another part of the condition and thereby adds to the matters for the county to consider on remand.

Remanded to LUBA for modification of instructions on remand regarding condition 7; otherwise affirmed.

---

disapproving the proposal in the light of the remnant of condition 7 that LUBA's and our opinions leave. The county may, if it chooses, amend the condition in a manner that achieves its objectives without the provisions that LUBA and we have concluded are invalid.