Argued and submitted August 18, 1994, affirmed on appeal, reversed and remanded on cross-appeal February 22, petition for review denied May 16, 1995 (321 Or 137)

CLACKAMAS COUNTY,
a political subdivision of
the State of Oregon,
*Respondent,*
*and*

Jim GIDLEY,
Ernest A. Kunze, Gary Linn
and Thor Aronson,
*Intervenors-Respondents -*
*Cross-Appellants,*

*v.*

Cynthia R. GAY
and Western Parachute Sales, Inc.,
an Oregon corporation,
*Appellants - Cross-Respondents.*

(91-11-217; CA A79263)

890 P2d 444

Lawrence R. Derr argued the cause for appellants - cross-respondents. With him on the briefs was Josselson, Potter & Roberts.

Michael E. Judd, Chief Assistant County Counsel, argued the cause for respondent. With him on the brief was Clackamas County Counsel.

Edward J. Sullivan argued the cause for intervenors-respondents - cross-appellants. With him on the brief was Preston Thorgrimson Shidler Gates & Ellis.

Before Deits, Presiding Judge, and Riggs and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Plaintiff Clackamas County and intervenors Gidley, Kunze and Linn[1] brought this action under ORS 215.185, seeking to enjoin defendants from continuing commercial airport and parachuting operations in violation of county zoning regulations. Defendants interposed a number of defenses, the principal one being that their predecessors in title had established a nonconforming airport use before restrictive zoning was first enacted in 1967. The trial court found in the main in favor of plaintiff and intervenors and enjoined most of the operations about which they complained. However, it held that a limited nonconforming airstrip use was established and continued on tax lot 603, one of the three lots involved in the case.[2] The court allowed certain uses to take place on that lot. Defendants appeal and intervenors cross-appeal. We affirm on the appeal and reverse in part on the cross-appeal.

Defendant Gay acquired tax lot 600 in 1977 and tax lot 603 in 1981. Those lots, as well as tax lot 601, were originally in common ownership, but they passed at different times to different owners. Some of the uses that some of the owners made of the lots before 1967 and after related to an airport, and ranged from the airstrip on lot 603 to minor storage. The trial court found that any nonconforming uses that had taken place on lots 600 and 601 had been discontinued, and the only uses that remained permissible were confined to lot 603.

■ In their first assignment, defendants challenge that finding. They contend that the trial court erroneously segregated the various uses that occurred on the various lots when, according to defendants, the correct approach is to treat the combination of uses that took place on any of the lots as a single airport use, regardless of whether and what particular activities were occurring at particular times and locations. On *de novo* review, we agree with the trial court. Defendants'

---

[1] A fourth intervenor was dismissed from the action, and does not appeal from that ruling.

[2] The tax lots have undergone numerous transfers of ownership, reconfigurations and redesignations over the years. We will refer to them by the numbers that the trial court and the parties have used.

argument presupposes that, at the relevant times, the lots were and remained part of a contiguous whole, with the location of specific activities being pretty much incidental. However, that was not the case. As we have noted and the trial court found, the three lots have been owned by various entities and have been used for various purposes between 1967 and the present. At no time were there uses of a cognizable level of intensity or relatedness that coincided on all of the lots for defendants' "sum of the parts" theory to be tenable.

■      Defendants suggest that it is illogical to find that only an airstrip nonconforming use exists, without the other component parts of an airport, based on the coincidence of where and when the activities happened to occur. However, the law of nonconforming uses is based on the concept, logical or not, that uses which contravene zoning requirements may be continued only to the extent of the least intensive variations — both in scope and location — that preexisted and have been continued after the adoption of the restrictions. *See Polk County v. Martin*, 292 Or 691, 636 P2d 952 (1981); *Hendgen v. Clackamas County*, 115 Or App 117, 836 P2d 1369 (1992). It is defendants' position that ultimately depends on a coincidence, *i.e.*, at one time or another over a period of almost three decades, each lot was the site of some activity characteristic or supportive of an airport. However, no nonconforming uses on lots 600 or 601 continued throughout the relevant period, and those lots were not united in ownership and use with lot 603 throughout that period. We are not persuaded by defendants' first assignment of error.

■      In their second assignment, defendants argue that plaintiff and intervenors are precluded by *res judicata* and "virtual representation" from seeking to enjoin the airport operations on lot 600. They also argue that the bar extends to the injunction against the parachuting activities. Defendants rely on two earlier circuit court enforcement actions. In the first, plaintiff and defendant Gay stipulated that the cause of action pertaining to tax lot 600 was "moot," because Gay had "ceased using" the tax lot for airport use and was using lot 603 instead. However, the court also held in that action that the parachute activities, as distinct from takeoffs, landings

and other airport operations, were subject to federal preemption[3] and could not be remedied in the state court action. The second enforcement action resulted in a stipulated dismissal, without prejudice to the commencement of subsequent claims.

Without reaching any other aspect of defendants' argument, the *res judicata* defense fails as to the claim regarding airport operations on lot 600, because the allegations concerning that issue could not have been litigated on their merits under the circumstances of either of the earlier actions. Defendants' invocation of *res judicata* with respect to the parachute activities also fails, because we do not understand plaintiff to have sought or the court in this case to have precluded the activities that were permitted in the earlier action. Rather, as plaintiff correctly argues, "defendants' current activities go far beyond that authorization," and plaintiff was not barred from seeking an injunction as to the new and more intensive level of activities. Also, without addressing any other facet of defendant's virtual representation argument, it cannot succeed if the *res judicata* arguments do not.

■ Defendants' third assignment requires no discussion. The substance of their fourth is subsumed in our discussion of intervenors' cross-appeal. In their remaining assignment, defendants assert that the court erred in restricting defendants' parachuting activities, notwithstanding its expressed agreement with the trial judge in the earlier case that local regulation of some of those activities is preempted by federal law. The simple answer is that the facts are different and the trial court was incorrect here in concluding that the county's authority to regulate any of the activities in question was preempted. *Skydive Oregon, Inc. v. Clackamas County*, 122 Or App 342, 857 P2d 879 (1993). Consequently, the court had authority to enjoin the operations.

■ Defendants also argue that, in formulating its injunction of commercial parachuting activities, "the court [impermissibly] made a land use decision that is within the exclusive province of the" county. Again, we disagree. *See*

---

[3] We will address that substantive issue in our discussion of defendants' fifth assignment of error.

*Clackamas County v. Marson*, 128 Or App 18, 874 P2d 110, *rev den* 319 Or 572 (1994).

■    We affirm on the appeal. In their cross-appeal, intervenors argue that defendants failed to prove that there is an established nonconforming use on tax lot 603 that has not been discontinued. On *de novo* review, we do not agree that the court's findings on those issues were erroneous. *See Hendgen v. Clackamas County, supra; Warner v. Clackamas County*, 111 Or App 11, 824 P2d 423 (1992). However, we agree with intervenors that there is nothing in the record to support the part of the judgment allowing the parking of aircraft on tax lot 603 for up to 48 hours in connection with the takeoffs and landings that the judgment permits. We remand to the trial court to enter an amended judgment deleting the 48-hour parking provision.

Affirmed on appeal; on cross-appeal, reversed and remanded for entry of an amended judgment not inconsistent with this opinion.